WARNER HOLDING CO. v. CREEDON,
Housing Expeditor.

CREEDON, Housing Expeditor, v. WAR-
NER HOLDING CO.

Nos. 13516, 13548.

Circuit Court of Appeals, Eighth Circuit.

Feb. 17, 1948.

Nathan Siegel, Sp. Appellate Atty., of Washington, D. C. (Edwin D. Dupree, Jr., Asst. Gen. Counsel, Hugo V. Prucha, Director, Rent Enforcement, Irving M. Gruber, Chief, Litigation Branch, and Jacob W. Rosenthal, Sp. Appellate Atty., all of Washington, D. C., on the brief), for Frank R. Creedon, Housing Expeditor.

R. H. Fryberger, of Minneapolis, Minn. (M. R. Keith, of Minneapolis, Minn., on the brief), for Warner Holding Company.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This action originated in the District Court with the filing of a complaint on February 13, 1943, by the Administrator of the Office of Price Administration charging the Warner Holding Company, the owner and operator of numerous apartment buildings in Minneapolis, with violations of section 4(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 904 (a). The Administrator sought an order compelling the defendant to comply with the regulations of the Office of Price Administration fixing maximum rents for the defendant's dwelling units, to file the registration certificates for its apartments required by administrative regulations, and to tender to tenants from whom it had collected rents in excess of the maximum permitted by the applicable regulations the amounts which the tenants had been overcharged. On November 10, 1944, the court entered its order permanently enjoining the defendant as prayed in the complaint, except that the court held that it did not have power to grant an order compelling restitution of overcharges in rents. Bowles v. Warner Holding Company, D.C., 60 F. Supp. 513.

The Administrator appealed from that part of the decree denying the order of restitution, and this court affirmed. Bowles v. Warner Holding Company, 8 Cir., 151 F.

2d 529. On certiorari the Supreme Court reversed (Porter v. Warner Holding Company, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332), sustaining the power of the District Court in the action before it to enter an order compelling restitution of illegal rents either as an "equitable adjunct" to its injunctive decree necessary to decide all matters in dispute and to award complete relief, or "as an order appropriate and necessary to enforce compliance with the Act." 328 U.S. 395, 399, 400, 66 S.Ct. 1086, 1090. The court said that a District Court in the exercise of its discretion, might reasonably conclude that an order of restitution was necessary in a particular case to effect the purposes of the Act. The case was remanded to the District Court "so that it may exercise the discretion that belongs to it." 328 U.S. 403, 66 S.Ct. 1091.

When the case reached the District Court on remand from the Supreme Court a hearing was had at which no new evidence was adduced. The court amended its findings of fact and entered conclusions of law to conform to the opinion of the Supreme Court. It found as a fact that it was reasonably necessary, in order to effect the purposes of the Emergency Price Control Act of 1942, as amended, for the defendant to reimburse its tenants from whom it received rent prior to July 1, 1944, to the extent of all overcharges received from the tenants; and, as incidental to the order of restitution, to direct defendant to file with the court a statement showing in detail its compliance with the order of restitution, setting out each payment made, together with detailed and complete statements justifying the failure to tender or pay any overcharge because of any offset, defense, or counterclaim relied upon by defendant. An order of restitution appropriate to this finding was entered. The defendant, however, was not required to make a tender or repayment of rent to persons who had commenced action against the defendant under section 205(e) of the Act, as amended.

Both parties appeal to this court. In No. 13,516 the defendant, Warner Holding Company, appeals from that part of the decree of the District Court requiring it to reimburse its tenants to the extent of overcharges in rents made by defendant and to report in detail its action to the court. In No. 13,548 the Housing Expediter, now substituted as party petitioner and hereinafter referred to as petitioner, appeals from that part of the order of restitution which limits the restitution period to July 1, 1944.

### No. 13,516.

On its appeal the defendant contends that the District Court abused its discretion in ordering restitution to overcharged tenants because (1) the effect of the order is to enforce claims against the defendant now barred by limitations imposed by the Act, (2) the right granted by the Act to tenants for themselves and to the Administrator for the United States to recover damages precludes the power of the court to order restitution to tenants at the suit of the Administrator, and (3) the plenary power of a court of equity to restore the status quo by an order of restitution can not be exercised in this proceeding because the tenants are not parties. These contentions are based upon defendant's interpretation of section 205(e), 50 U.S.C.A. Appendix, § 925(e), of the Act, which gives tenants for a limited time the right to recover damages and expenses, and thereafter, the same right to the Administrator where the landlord has exacted rent in excess of the maximum permissible. In substance these are the contentions which the defendant advanced in this court on the first appeal of this case. It is enough to say here that each of them was expressly denied by the Supreme Court when the case was before it in Porter v. Warner Holding Company, supra, as clearly appears from both the majority and dissenting opinions.

Defendant also contends that the order of restitution is unconscionable and so indefinite as to be unenforceable, and that if enforceable the only means for enforcement of the order is by contempt proceeding which, in the event of defendant's nonpayment of the overcharges, will result in an unconstitutional imprisonment, presumably of defendant's agents and officers, for debts of defendant.

We see nothing unconscionable in an order which requires the defendant to restore to those from whom they were

received gains exacted in violation of law. Nor is there any substance in the contention that the order is too indefinite to be enforced according to its terms. It is not denied that on and after November 1, 1942, defendant exacted rents from its tenants in excess of the maximum established by applicable regulations of the Office of Price Administration, nor that on and after June 29, 1943, defendant was advised of the amount it had collected from tenants in excess of the maximum permissible rents and of the persons from whom such unlawful exactions had been received. There is certainly nothing indefinite in the decree so far as the defendant is concerned. Fleming v. Warshawsky & Co., 7 Cir., 123 F.2d 622, 625; Cooper v. Dasher, 290 U.S. 106, 109, 54 S.Ct. 6, 78 L.Ed. 203. For the determination of the amounts for which it is liable under the order of restitution it has but to refer to its own records. The order of restitution was made to insure defendant's compliance with the Act. The tenants are only incidental beneficiaries of the order. In cases in which the defendant considers it is entitled to offset claims against any overcharged tenant it may, as directed by the order of restitution, report these matters to the trial court for such action as the facts may require. If necessary to determine conflicting rights as between defendant and a tenant the District Court has the power (328 U.S. 403, 66 S.Ct. 1091, 90 L.Ed. 1332) to bring the tenant into court.

■ Nor does it appear from anything in the record that the defendant's officers are presently or that they will be at any time in the future threatened with an unconstitutional imprisonment. They are in no danger of punishment by imprisonment for failure to perform the order of restitution where performance is impossible, and where they in good faith make a reasonable effort to comply with the court's order. Chapman v. United States, 8 Cir., 139 F.2d 327, 331; McGarry v. Securities and Exchange Commission, 10 Cir., 147 F.2d 389, 392, 393; Hagen v. Porter, 9 Cir., 156 F.2d 362, 366; Cooper v. Dasher, supra, 290 U.S. page 110, 54 S.Ct. page 7, 78 L.Ed. 203.

## No. 13,548.

■ Petitioner appeals from the decree of the District Court ordering restitution to overcharged tenants "insofar as it limits reimbursement of overcharges of rent to tenants from whom defendant has received rent prior to July 1, 1944." Petitioner says that the proceedings in the District Court do not reveal the ground on which restitution of overcharges is limited to the period mentioned. We think the reasons which actuated the court are sufficiently revealed by its finding of fact which was that in order to effectuate the purposes of the Act it was proper to order restitution of rent for the period mentioned. Moreover, it appears that a preliminary injunction restraining the defendant from making overcharges in rents was entered by the District Court on June 29, 1943. The record does not indicate that the defendant failed to comply with this restraining order. The reasonable assumption is that no overcharges occurred after the entry of the preliminary restraining order. But in any event it was for the District Court in the exercise of its discretion to decide whether it should make any order of restitution and, if so, to fix the terms, conditions, and extent of the appropriate order. Hecht Company v. Bowles, 321 U.S. 321, 328, 329, 64 S.Ct. 587, 88 L.Ed. 754. We are unable to say from anything in the record that there was any abuse of discretion by the District Court in limiting the order as it did.

■ In a reply brief filed after the submission of the case petitioner suggests that the decree of the District Court should be broadened to provide for restraint against violations of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., and the Rent Regulations (12 F.R. 4331) issued pursuant thereto. It is said that whether the decree should be revised to include a restraint against the Housing and Rent Act of 1947 depends upon whether past violations under the Emergency Price Control Act of 1942 are so closely related to violations which the defendant may conceivably commit under the Housing and Rent Act of 1947 as to provide a basis for further restraint, and if defendant's past conduct is such that the court is justified in

apprehending violations of the Act of 1947 by the defendant unless restrained. This suggestion raises issues not submitted to the District Court. At the time of its decree the 1947 Act had not been enacted. The issues in question call for the exercise of the discretion of the District Court before submission here.

Defendant's motion to dismiss petitioner's appeal for failure to comply with the rule of this court concerning the statement of points on appeal is without merit and is denied.

The judgment of the District Court is affirmed.