EDWARDS v. WOODS, Acting Housing
Expediter.

No. 13681.

Circuit Court of Appeals, Eighth Circuit.

June 11, 1948.

Ninian M. Edwards, of St. Louis, Mo. (Douglas H. Jones and James A. Waechter, both of St. Louis, Mo., on the briefs), for appellant.

Francis X. Riley, Sp. Litigation Atty., Office of Housing Expediter, of Chicago, Ill. (Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst.Gen. Counsel, and Nathan Siegel, Sp. Litigation Atty., all of Washington, D.C., on the brief), for appellee.

Before GARDNER, WOODROUGH, and COLLET, Circuit Judges.

COLLET, Circuit Judge.

On the application of the Federal Housing Expediter the District Court entered a judgment enjoining appellant from charging rents in excess of the maximum rental fixed under the Maximum Rent Regulations and ordering the refund of $30 to the lessee of appellant's premises. From that judgment this appeal is prosecuted. The case was tried without a jury. The evidence consisted of a stipulation of facts and the testimony of the lessee. The facts are as follows.

On and prior to September 1, 1946, appellant owned a 14 room house at 3825 Delmar Boulevard in the City of St.Louis, a Defense Rental Area in which the rent control provisions of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq., applied. On September 1, 1946, the house located at the above address and a vacant 35-foot lot adjoining it on the east were rented to J. A. Dunn. Mr. Dunn was using the house as a rooming house. He paid $35 per month rent for the house. This was the maximum legal rent fixed therefor under the regulations. He also paid $30 per month for the vacant lot. On July 25, 1946, appellant purchased a 55-foot vacant lot adjoining the house on the west. About September 20, 1946, Dorothy Morgan was negotiating with a salesman representing Dunn for the purchase of the rooming house equipment owned by Dunn and located in appellant's house. Before purchasing the equipment she, Dunn and the latter's agent met with appellant for the purpose of determining whether Dorothy Morgan could obtain a lease from appellant if she purchased Dunn's equipment. She was then told by appellant that both vacant lots would have to be rented with the house and that the rent would be $35 per month for the house, $30 per month for the 35-foot vacant lot and $35 per month for the 55-foot vacant lot. She purchased the rooming house equipment from Dunn the next day, took possession of the house, and appealed to appellant for a lease on the house. Appellant prepared the lease on October 14, 1946, which specified that it should extend for one year from October 1, 1946, that the rental on the house was $35.00 per month and the rental on the 35- and 55-foot vacant lots was $30 and $35 per month respectively. She signed the lease and paid $100 at that time for the month of October, 1946. In November she paid $50 rent and was given credit by appellant on the rent for $50 she had expended for repairs. This action was filed December 3, 1946, by General Philip B. Fleming as Administrator of the Office of Temporary Controls. Dorothy Morgan paid $100 a month for December, 1946, and January and February, 1947, a total of $450. By agreement no rent was paid after February, 1947, pending the outcome of this action.

The complaint charged that appellant was violating the Rent Control Regulations by compelling Dorothy Morgan to rent the vacant lots and pay the rental fixed thereon as a necessary prerequisite to renting the house and hence was actually charging $100 per month rent for the house.

The answer of appellant denied any compulsion, denied any overcharge, and further alleged that Dorothy Morgan never lived in the house but rented it for the purpose of using it in a profitable business enterprise, to-wit, the operation of a rooming house. Other defenses were interposed

which will be noted later. The Trial Court filed a memorandum opinion,[1] findings of fact and conclusions of law. That court found that pursuant to the stipulation of facts[2] the only question for determination was whether appellant lawfully charged more than the maximum legal rent for the house. The memorandum opinion makes it clear that the foregoing question was determined by the answer to the factual question of whether Dorothy Morgan was compelled to rent the vacant lots in order to get the house. The stipulation eliminated any question of willful violation of the rent regulations. The court found that the vacant lots were of no use to Dorothy Morgan, that she made no use of them, and would not have rented them but for the act of appellant in making their rental a condition for rental of the housing accommodations, all of which appellant knew. The Trial Court further found:

"5. That defendant required Dorothy Morgan to rent the two vacant lots as a condition to renting the housing accommodations."

Following these findings the court found the ultimate facts that:

"7. That defendant tied in the rental of the vacant lots with the housing accommodations, for the purpose of increasing the rent on the housing accommodations above the amount permitted under the regulation, which act by defendant constituted an evasion of the Rent Regulation for Housing.

"8. Defendant has charged and collected as rent for the housing accommodations at 3825 Delmar Boulevard the sum of $450.00 from October 1, 1946 to October 1, 1947.

"9. The maximum legal rent permitted under the Rent Regulation for the said housing over the period from October 1, 1946 to October 1947, is $35.00 per month, or $420.00, and such sum is the maximum defendant could charge Dorothy Morgan for use of the housing accommodations and inclusion of the vacant lots in the lease was

a subterfuge which did not alter defendant's rights in this respect."

Appellant assails the judgment upon the grounds that (1) the vacant lots were not appurtenant to the house, were not facilities connected with the rooming house and hence do not fall within the definition of a housing accommodation found in the regulations defining housing accommodations as including "land appurtenant thereto" or "facilities and improvements connected with the use or occupancy of such property"; (2) the rental of the vacant lots with the house did not violate the regulation prohibiting "tying-in" contracts; (3) the purpose for which Dorothy Morgan rented the house was for a commercial business to which the so-called Housing Act and Regulations do not apply; (4) the Housing Act and Regulations promulgated thereunder are unconstitutional and void; and (5) the Housing Expediter should not have been substituted as the party plaintiff for General Fleming, the Administrator of the Office of Temporary Controls. Those questions will be considered in the order they are stated above.

The Trial Court did not find that the vacant lots were appurtenances to the house or that they were facilities connected with and incident to the operation of the rooming house. Its judgment was not predicated upon that hypothesis. That question was not a premise to the Trial Court's conclusion and judgment and is not material to a review of the Trial Court's decision. On the contrary, the theory of the court's findings and conclusions was that they were not appurtenances, were valueless to Dorothy Morgan and unnecessary to her use of the house. And the court stated in the memorandum opinion:

"We are not holding that the rent regulations would have prohibited defendant from renting his vacant lots to Dorothy Morgan had she 'desired' to rent them and 'willingly' entered into negotiations consummating their rental any more than the

---

[1] Woods v. Edwards, D.C., 74 F.Supp. 534, 538.

[2] Paragraph 7 of the stipulation recites: "'The parties agree that the only question for the Court to determine is whether defendant lawfully charged more than the maximum legal rent on housing accommodations at 3825 Delmar Boulevard, St. Louis, Missouri.'"

rent regulations prohibit the sale in good faith of furniture to a person who is renting an apartment in which the furniture is located where the tenant is willing and desirous to acquire the furniture. Such is not the case presented by the record before us."

■ The argument that the transaction did not constitute a "tying-in" agreement is based upon an assumption of fact that Dorothy Morgan "was not compelled to take the lots." Certainly she was not compelled to take the lots in the sense that some force was compelling her to engage in a rooming house enterprise at that location. That was not the question. There was an issue of fact as to whether she was required to take vacant lots comparatively valueless to her and pay rental on them as a condition to being permitted to rent the house at the ceiling rental of $35 per month, thereby in effect requiring her to actually pay the rental on the vacant lots as a portion of the rent on the house.[3] The Trial Court found as above indicated that the vacant lots were useless to her and that she was required to rent the lots as a condition to renting the house for the purpose of increasing the rent on the house, and that such purpose was accomplished by the arrangement entered into. Appellant's contention was well presented, but in the final analysis it must be answered by a determination of whether the construction placed on the Stipulation of Facts and the evaluation of the testimony of Dorothy Morgan by the Trial Court was clearly erroneous. Unless it was, this court must follow those factual conclusions. Hansen v. Creedon, 8 Cir., 163 F.2d 223; Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. A careful examination of the evidence does not warrant the conclusion that we may disregard the findings of the Trial Court.

Appellant contends that because the rent control provisions of the Emergency Price Control Act of 1942, as amended, do not apply to purely commercial enterprises or buildings used for such enterprises, the Act does not apply to the rental of appellant's house for the purpose of operating a rooming house.

■ Congress specifically included housing accommodations within the purview of the Emergency Price Control Act. 50 U.S.C.A.Appendix § 902; Bowman v. Bowles, Em.App., 140 F.2d 974 (an opinion by the Emergency Court of Appeals wherein the definition of a rooming house is also set out in the margin). A rooming house is a housing accommodation. The Act and the regulations promulgated thereunder apply to rooming houses. The fact that a house is rented for the purpose of operating a rooming house therein for financial gain does not convert the house into a commercial establishment and take it out of the category of a "housing accommodation". If that was correct, no rooming house or comparable housing accommodation operated for profit would be covered by the Act.

■ The constitutionality of the Act providing for regulation of rents and the regulations promulgated thereunder has been adjudicated. Woods v. Miller Co., 333 U.S. 138, 68 S.Ct. 421; Taylor v. Brown, Em.App., 137 F.2d 654; Avant v. Bowles, Em.App., 139 F.2d 702; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892.

■ Appellant contends that the Trial Court should not have permitted the substitution of the Housing Expediter for the Administrator of the Office of Temporary Controls because the Act in question was a war measure, that the war has ended, no war emergency exists, and that St. Louis has ceased to be a "defense area." Those conclusions are in conflict with the action of Congress in continuing wartime controls over rents. The will of Congress will control. There was no error in allowing the substitution. United States v. Koike, 9 Cir., 164 F.2d 155; Fleming v. Goodwin, 8 Cir., 165 F.2d 334.

■ The lease contract between Dorothy Morgan and appellant has expired. Presumably she is no longer in possession of appellant's house. The building may no .

---

[3] Compare Anchor Liquor Co. v. United States, 10 Cir., 158 F.2d 221.

longer be in existence. There may or may not be occasion for the continuance of the injunction. Appellee suggests the propriety of remanding the cause in order that the Trial Court may have appropriate opportunity to modify the judgment consistent with existing conditions. If Dorothy Morgan is still in possession of the premises, it may become desirable that the judgment be modified to make it abundantly clear that the payment of the rent for the house alone will not entitle her to the possession of the vacant lots. Under those circumstances the judgment is affirmed and the cause is remanded for such further proceedings not inconsistent herewith as may be appropriate. Warner Holding Co. v. Creedon, 8 Cir., 166 F.2d 119.