**EBELING v. WOODS, Housing Expediter.**

No. 13791.

United States Court of Appeals
Eighth Circuit.

June 10, 1949.

Michael J. Ebeling, St. Louis, Mo., for appellant.

Nathan Siegel, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C. (Ed Dupree, General Counsel, Hugo V. Prucha, Assistant General Counsel, and Francis X. Riley, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The Administrator, Office of Temporary Controls, (succeeded by the Housing Expediter, 12 F.R. 2645, who thereafter was substituted as plaintiff) brought suit against appellant on September 26, 1947, under the provisions of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. The Price Control Act had expired on June 30, 1947.

The complaint by its terms sought (1) an injunction restraining appellant from further violating the Rent Regulation for Housing, 8 F.R. 7322, promulgated under the Price Control Act; (2) a mandatory order under the Price Control Act requiring appellant to make restitution to a tenant of a $500 bonus collected from the latter on July 31, 1946, in the renting of a housing accommodation located in the St. Louis Defense-Rental Area, 7 F.R. 3195; and (3) a judgment for damages under the Price Control Act on behalf of the United States, in twice the amount of the $500 rental overcharge.

The District Court denied the request for damages as being in any event barred by the one-year limitation in 50 U.S.C.A. Appendix, § 925(e), of the Price Control Act. It refused also to issue a prohibitory injunction under the expired Act against further violation of the Rent Regulation for Housing. It did, however, enter an order in the nature of a mandatory injunction requiring appellant to make restitution to the tenant of the $500 overcharge which he had collected. It is this restitution order which is the subject of the appeal here.

Appellant's principal contention for reversal is that the court had no jurisdiction to enter any restitution order under the Price Control Act after June 30, 1947, when the Act expired, and particularly so where, as here, the suit had not been pending on that date.

The Act expressly provided, 50 U.S.C. A.Appendix, § 901(b), that, "as to offenses committed, or rights or liabilities incurred, prior to such termination date, the provisions of this act and [all] regulations, orders, price schedules, and requirements [thereunder] shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense."

The Supreme Court has held that section 205(a) of the Act, 50 U.S.C.A. Appendix, § 925(a), by its language and its implications, created in the Price Administrator (to whose functions the plaintiff here had succeeded) a right to the entry of an order for the restitution of overcharges under the Act, limited only by the court's exercise of sound equitable discretion in relation to the situation involved. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

This right, granted to the Price Administrator in the public interest, as much as any other created by the Act, has been recognized as having a survival need, in effectuating the purpose of the statute, and has been given a survival effect under the saving-clause language, "any * * * right, liability or offense." Thus, in Creedon v. Randolph, 5 Cir., 165 F.2d 918, a trial court's refusal to order restitution of some rent overcharges was reversed after the Price Control Act had expired. And this Court, subsequent to the termination of the Act, has entered affirmances of orders for the restitution of rent overcharges under it, Warner Holding Co. v. Creedon, 8 Cir., 166 F.2d 119, and Edwards v. Woods, 8 Cir., 168 F.2d 827.

Appellant argues, however, that the cases just referred to are distinguishable

from the one here, in that the actions there had been commenced prior to the expiration of the Act. But the saving clause does not condition the survival of rights existing under the Act upon their having been placed in suit before the Act's termination. And in Woods v. Richman, 9 Cir., 174 F.2d 614, the restitution suit was commenced subsequent to the termination of the Act.

According to the Warner Holding Co. case, supra, 328 U.S. at page 400, 66 S.Ct. at page 1090, 90 L.Ed. 1332, a restitution order "may be considered as an order appropriate and necessary to enforce compliance with the Act," under the provisions of 50 U.S.C.A.Appendix, § 925(a). The Court's opinion makes clear that the provision in the Act authorizing the issuance of such an order was designed not simply to assure subsequent obedience to the Act while it was in effect (which the provision for a prohibitory injunction would be as capable, or more so, of doing) but to serve also generally to effectuate the purposes of the Act.

One of the fundamental purposes of the Price Control Act was, of course, to prevent inflation. Hecht Co. v. Bowles, 321 U.S. 321, 331, 64 S.Ct. 587, 592, 88 L.Ed. 754; 50 U.S.C.A.Appendix, § 901(a). On this aspect, the Act attempted to achieve its purpose (1) by making overcharging illegal and providing remedies, civil and criminal, to deter such acts from being done, and (2) by a neutralizing of the inflationary effect of any overcharge made, through a syphoning off of that effect by a legal action for damages or by an application on the part of the Administrator for an order of restitution. 50 U.S.C.A.Appendix, § 925(a), (b), (c) and (e). As the Supreme Court said in the Warner Holding case, supra, ibid., in relation to the significance of a restitution order, "the statutory policy of preventing inflation is plainly advanced if prices or rents which have been collected in the past are reduced to their legal maximums." Overcharges that had been made in the pulsative period while the Price Control Act itself was in effect might still in their cumulative effect become part of the base for a psychological spiral of inflation even af-

ter the Act had expired. And this fact, among others perhaps, may well have been the reason that Congress chose to allow the syphoning rights created by the Act to survive its termination, as to any previous undissipated overcharges.

It is to be remembered also in this connection that in the field of rents Congress thought it economically necessary to continue the policy of controls after the expiration of the Emergency Price Control Act, through the enactment of the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1881 et seq. In doing so, it declared that one of its purposes under that Act, as it had been under the Emergency Price Control Act, was "the prevention of inflation." And again, in relation to the question of restitution, there also would seem to be significance in the fact that the Housing Expediter was given the same right to seek restitution, 50 U.S.C. A.Appendix, § 1896(b), for overcharge violations occurring under the Housing and Rent Act, as the Price Administrator had had, 50 U.S.C.A.Appendix, § 925(a), under the Emergency Price Control Act.

■ But appellant further contends that the court was in any event without jurisdiction to make the restitution order here involved, since the order was not adjunctive or ancillary to the granting of a prohibitory injunction, which the court had refused to issue. The opinion in Porter v. Warner Holding Co., 328 U.S. 395, 399–403, 66 S.Ct. 1086, 1089–1091, 90 L.Ed. 1332, however, is explicit, we think, that an equitable order for restitution of overcharges may be made under the Price Control Act, either as an adjunct to a prohibitory injunction or independently and without regard to whether such an injunction is being sought or has been denied. See also Creedon v. Randolph, 5 Cir., 165 F.2d 918, 920; Woods v. Richman, 9 Cir., 174 F.2d 614.

■ The contention also is made that the right to order restitution was in any event barred by the one-year limitation provision of 50 U.S.C.A.Appendix, § 925 (e). But that subsection of the statute deals only with the right to bring suits for damages on account of overcharges

made, and the one-year limitation provision contained in it has reference only to that right. It in no way controls the Price Administrator's right to seek the equitable relief provided for in 50 U.S.C.A.Appendix, § 925(a). Cf. Blood v. Fleming, 10 Cir., 161 F.2d 292, 295. See also Warner Holding Co. v. Creedon, 8 Cir., 166 F.2d 119, 121. Laches might perhaps prompt the denial of such a restitution order in an appropriate situation, under the court's exercise of sound equitable discretion but the record before us contains nothing that would entitle us to hold that the court's refusal to deny the order here on that ground was improper.

Appellant's final contention is that the court should have denied restitution under the doctrine of pari delicto. The argument is that it was as wrong for the tenant to pay the $500 bonus as it was for the landlord to accept it, and that the Administrator therefore ought not to be permitted to seek a restitution for the tenant's benefit. But this ignores both the concept underlying the Act and its plain provisions. Under 50 U.S.C.A.Appendix, § 904(a), the duty to avoid overcharges under the Act is the responsibility of the landlord and not the tenant. The landlord alone, because of his superior position generally in the housing-shortage situation was made the offender under the Act. Congress regarded a tenant, who paid more than the authorized rental for a housing accommodation, as having committed no wrong. Cf. Zwang & Bowles v. A. & P. Food Stores, 181 Misc. 375, 46 N.Y.S.2d 747. Whether the excess rent was willingly or unwilling paid, the statute prohibited the landlord from accepting it and provided for its recovery from him. Furthermore, the object of the Administrator in seeking restitution is not primarily to benefit the tenant but to discourage violations of the Act and in the public interest to dissipate the inflationary effect of what the parties have done. For a court of equity, under this concept of the statute, to refuse to grant an order of restitution for a rent overcharge, on the doctrine of pari delicto, would be a subversion of the moral and legal content of the Act.

Affirmed.