**WOODS v. MINUCCI et al.**

Civ. No. 9029.

United States District Court
E. D. New York.

June 10, 1949.

Sylvan D. Freeman, Chief, Litigation Section, New York City, Samuel Hodes, Litigation Attorney, New York City, of counsel, for plaintiff.

Albert Boyar, Brooklyn, N. Y., for defendant Arcangelo Minucci.

Walter J. A. Mack, Jamaica, N. Y., for defendant Mary Y. Elfast.

GALSTON, District Judge.

This is an action brought pursuant to sections 1(b) and 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and section 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., seeking restitution of rent overcharges and an injunction to restrain any future violations, as against the defendant, Mary Young Elfast.

Defendant Elfast was the owner of the premises involved during the period from January 1, 1946 to March 19, 1947, and the restitution sought here is for overcharges of rent collected by her during such period. The complaint was amended to extend this period to April 6, 1947 and to collect the amount of overcharge to $525.

At the trial, the defendant moved for judgment on the pleadings on the following grounds: (1) That the action is one in equity for an injunction; and that since the companion action against the defendant Minucci—the present owner of the premises involved—was settled between the plaintiff and such defendant, "there is nothing concerning which an injunction against the second defendant, Mary Young Elfast, may attach."

(2) That the Housing Expediter has no jurisdiction to bring "the action for money damages."

(3) That the statutory limit within which an action may be instituted under section 205 of the Housing Act of 1947, 50 U.S.C.A. Appendix, § 1895 (sic) bars recovery since more than one year had elapsed between the institution of this action (April 26, 1948) and the accrual of this claim.

■ As to the first contention made by the defendant, her theory is, apparently, that any right of the Housing Expediter to act against the defendant is limited to rights under the Housing Act of 1947. It is argued that since the acts of the defendant complained of here took place before the effective date of the Act of 1947, the only basis for obtaining jurisdiction over her is by including her as a defendant with Minucci. The defendant fails to take cognizance of the fact that by Acts of Congress, dated July 25, 1946 and June 30, 1945, the termination dates of the Act of 1942 were extended to June 30, 1947 and June 30, 1946 respectively. 59 Stat. 306, 60 Stat. 664, 50 U.S.C.A.Appendix, § 901. Section 205(a) of the Act of 1942 specifically provides that the Administrator (now the Housing Expediter may apply for an order to enforce the provisions of the Act when a person has engaged in any act which, in the Administrator's judgment, constitutes a violation thereof. Therefore, there is no basis for the contentions made that there is no jurisdiction over the defendant Elfast under the Act of 1942, and that such action must necessarily rest upon the action against the defendant Minucci, under the Act of 1947.

■ As to the second contention, the defendant confuses the present action brought under section 205(a) of the Act of 1942, as amended, with an action under section 205(e) of the 1942 Act, as amended. This action is one for restitution under the former subsection and not an action for damages under the latter subsection as the defendant seems to think. Porter, Price Administrator v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, conclusively upholds the right of the Housing Expediter to sue for restitution under section 205(a) of the 1942 Act. There, in an enforcement proceeding by the Price Administrator under section 205(a), it was held that a Federal District Court has power, in the exercise of its discretionary powers, to order restitution of rents collected by a landlord in excess of maximums established by regulations issued under the Act. The Court declared that the inherent equitable jurisdiction called into play under section 205(a) clearly authorizes a court to decree restitution of excessive charges in order to give effect to the policy of Congress.

Moreover, in Porter v. Warner Holding Co., supra, the court ruled that the rights under section 205(a) and those under section 205(e) were, with the exception of damages, quite separate and distinct; and that the provisions contained in one subsection in no way controlled those of the other subsection (again, with the sole exception of damages). It stated that the comprehensiveness of the equitable jurisdiction under section 205(a), " * * * is not to be denied or limited in the absence of a clear and valid legislative command. Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied." 328 U.S. at page 398, 66 S.Ct. at page 1089.

There is nothing which, "in so many words, or by a necessary and inescapable inference" makes the one year limit applicable to section 205(a).

■ In Creedon v. Warner Holding Co., 8 Cir., 1948, 166 F.2d 119, the court summarily disposed of the contention that the effect of the restitution order issued was to enforce claims barred by the statute of limitations contained in section 205(a), citing Porter v. Warner Holding Co., supra. See also Blood v. Fleming, 10 Cir., 1947, 161 F.2d 292, and Co-Efficient Foundation, Inc. v. Woods, 5 Cir., 1948, 171 F.2d 691, rehearing denied Jan. 10, 1949.

Of course, the plaintiff cannot avoid the limitation in section 205(e) and turn an action at law for damages thereunder into a suit for equitable relief merely by basing its complaint on section 205(a). There is, however, no showing made by the defendant that such is the case here. On the contrary, the defendant states in her memorandum that the plaintiff's "complaint is clearly an equitable action".

The plaintiff argues that the fact that the defendant Elfast no longer owns the premises where she collected the overcharges does not prevent this court from granting, in the exercise of its discretionary powers, an injunction against her. Section

205(a) provides: "* * * upon a showing * * * that * * * (a) person has engaged * * * in any such acts or practices (constituting violations of the rent laws) a permanent or temporary injunction * * * or other order shall be granted * * *".

There is, therefore, statutory grant of power to issue an injunction on a proper showing of a past violation. In Bowles v. Ward et al., D.C.W.D.Pa.1946, 65 F.Supp. 880, at page 891, it was stated: "It is a definitely settled rule of law that a discontinuance of practices complained of does not prevent the issuance of an injunction to restrain the offender from * * * (violations) in the future."

Defendant's motion for judgment on the pleadings is denied. Plaintiff may have a judgment as prayed for.