### WOODS v. BROWN.

### WOODS v. SANFORD et al.

### Nos. 12518, 12519.

United States Court of Appeals
Ninth Circuit.

Sept. 28, 1950.

Ed. Dupree, Gen. Counsel, Leon J. Libeu, Asst. Gen. Counsel, Louise F. McCarthy, Sp. Litigation Atty., and Francis X. Riley, Atty., Office of Housing Expediter, all of Washington, D. C., for appellant.

McDannell Brown, Portland, Or., for appellee Brown.

Leroy L. Lomax, Portland, Or., for appellees Sanford and Forgey.

Before HEALY, BONE and POPE, Circuit Judges.

HEALY, Circuit Judge.

These were suits by the Housing Expediter brought pursuant to § 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix § 1881 et seq., for injunctive relief and restitution to tenants of rent overcharges.

In No. 12,519 the district court found that from September 1947 through January 1949 the defendants, as landlord and agent in charge of certain controlled housing accommodations, collected and received from certain tenants overcharges in the total amount of $250. A permanent injunction was granted restraining the defendants (appellees) from demanding or receiving rentals in excess of the maximum established for the premises. However, the Expediter's prayer for an order of restitution was denied for the stated reason "that

the granting of restitution would constitute imprisonment for debt."

The denial of restitution on the ground stated can not be sustained. The record contains no intimation that appellees are either unable or unwilling to repay the amount of the overcharges if an order is made requiring them to do so. It will be time enough to raise the point of unconstitutional imprisonment for debt when that procedure is threatened or imminent. Meanwhile it is not to be assumed that appellees will be imprisoned for failure to perform if performance is shown to be impossible. Warner Holding Co. v. Creedon, 8 Cir., 166 F.2d 119, 122; Chapman v. United States, 8 Cir., 139 F.2d 327, 331. And see Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

The order denying restitution is therefore reversed with directions to enter an order requiring a refund of the overcharges.

In No. 12,518 the court found that appellee, as landlord of certain controlled housing accommodations, from March 1948 to and including December of that year collected and received from tenants rents in the total amount of $282.50 in excess of the maximum established. It found that at the end of the period he disposed of the accommodations and thereafter was not and is not now a landlord engaged in the rental business. For that reason the Expediter's prayer for an injunction was denied. The Expediter concedes that no error in this respect was committed.

The court denied restitution for the stated reason that in view of appellee's quitting the business such relief would exercise no restraining influence on him or serve any other purpose. It added that enforcement of restitution would result in imprisonment for debt. The Expediter claims that the denial of restitution constitutes, in the circumstances, an abuse of discretion.

As heretofore indicated, we are of opinion that no constitutional problem of imprisonment for debt is now involved. But in the condition of the record we are unable to say whether or not the court was wrong in denying relief by way of restitution.

It appears that there was a trial and that evidence was taken. The evidence has not been incorporated in the record furnished by the Expediter and is not before us. What it may have disclosed in the way of equitable considerations we are unable to determine. For this reason we have not considered and do not decide the question of abuse of discretion posed by the Expediter.

The judgment is therefore affirmed.