**WOODS, Housing Expediter, v. DAVIS.**

No. 12626.

United States Court of Appeals
Ninth Circuit.

Nov. 28, 1950.

---

8. For a recent case applying this section see Coates v. United States, 8 Cir., 181 F.2d 816.

Ed Dupree, Gen. Counsel, Leon J. Libeu, Nathan Siegel, Sp. Litigation Atty., Office of Housing Expediter, Washington, D. C., for appellant.

E. F. Bernard, Jonathan Edwards, Portland, Or., for appellee.

Before HEALY, BONE, and POPE, Circuit Judges.

HEALY, Circuit Judge.

The Housing Expediter, in December 1948, brought suit against appellee alleging violations of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, §§ 901–946, and the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, §§ 1881–1902. The complaint, in two counts, set out elaborately detailed schedules of rental charges in excess of the prescribed maximum occurring during the period September 2, 1943, to September 15, 1948, indicating total overcharges under the two Acts of about $2,200. The pleading asked that appellee be ordered to make restitution to tenants of the excess amounts, and injunctive relief was prayed as against the continuance of the asserted violations of the 1947 Act. Appellee by answer filed in January of 1949 admitted her exaction of rentals in the amounts shown in the schedules but claimed that the Expediter lacked capacity to sue for restitution, and alleged that the suit, except as to injunctive relief, was barred in part by the one year limitation relating to the recovery of damages.

In October 1949 the Expediter served on appellee a request for admissions or denials pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The requests related to the accuracy of the schedules, that is, whether they stated correctly the amounts of the various overcharges. Appellee failed to respond, and after the lapse of a month the Expediter, on a showing of the fact by affidavit, moved under Rule 56 for summary judgment. The court denied the motion and entered judgment dismissing the Expediter's complaint. The reasons for this disposition of the suit are set out in a memorandum opinion of the court, shown on the margin.[1]

---

[1] "This is a rent control case. The defendant is a woman without means. She ran several small rooming house units during the war years, and the Rent Administrator seeks an order for restitution against her for $2200.00 to be distributed to various wartime tenants if they can be located; otherwise to remain in the Treasury. This amount, the Administrator claims, represents an overcharge above the legal wartime max-

The transcript of the record indicates that soon after appellee had filed her answer a pre-trial conference of some sort was held, but apparently no result in the way of a pre-trial order emerged from it. Consult Rule 16, F.R.C.P. Inferably, the conference was devoted to an inquiry by the court relative to the ability of the defendant to make restitution. The memorandum opinion is understandable only on that assumption.

■ The authority of the courts, under § 205(a) of the 1942 Act and § 206(b) of the Act of 1947, to order restitution of excess rentals is settled by Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, and by later decisions in this and other circuits. Consult Woods v. Richman, 9 Cir., 174 F.2d 614. The object of employing this equitable remedy is to check inflationary trends and to effectuate generally the policy of Congress.

■ ■ We have held that it is error to deny an order of restitution on the assumption that the granting of that remedy would constitute or might result in imprisonment for debt. Woods v. Brown (Sanford), 9 Cir., 184 F.2d 486, decided subsequent to the dismissal of the present suit. We there indicated that the ability of the landlord to respond to an order of restitution is immaterial to the question whether such an order should be entered, saying that "it will be time enough to raise the point of unconstitutional imprisonment for debt when that procedure is threatened or imminent." It necessarily follows that a claim of inability to refund excess rentals, unlawfully exacted of tenants, may not be considered in the trial or determination of a suit by the Expediter to obtain a restitution order. If the contrary view were to obtain landlords would be encouraged in advance to disregard the law and to dissipate or secrete their illicit profits. Accordingly, the consideration of conditions which might be thought to militate against the imposition of sanctions for contempt are to be postponed until the occasion therefor arises.

■ The mere fact that the defendant took over the units from another person and continued to charge the same rentals as had been charged by her predecessor affords no equitable reason for declining to order restitution of the illegal gains. The law is no respecter of persons, and we think the best way to educate those contemplating evasion of it is to demonstrate that violation will in every case result in judgment against the wrongdoer. It is certain that future compliance by the landlady in question is not assured by the easy attitude of the court in respect of her equitable obligation to restore the fruits of her illegal conduct, nor is compliance promoted by ignoring, as it was here, the Expediter's prayer for injunctive relief.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

imum. The defendant took over the units from another person and continued to charge the same rents as had been charged by her predecessor.

"The Government contends that it is the inescapable duty of the Trial Judge in every rent case to enter an order of restitution and thereafter, if the defendant does not pay, to cite the defendant for contempt. The Government says the defendant here can purge herself of contempt if she is able to show that she is without means.

"Why should this woman be pursued further, since she has already satisfied me that she cannot pay?

"The nearest analogy is in the field of domestic relations. Surely a judge is not required to order that alimony be paid if he is satisfied that the defendant cannot pay.

"Furthermore, to make an order, known in advance to be impossible of enforcement, violates the well-known maxim of equity; and it must be remembered that equity power is here being invoked.

"An order for restitution will be denied, the complaint dismissed, and this memorandum may stand and be treated in lieu of formal Findings of Fact."