## DOERNHOEFER v. UNITED STATES.

### No. 14263.

United States Court of Appeals,
Eighth Circuit.

July 30, 1951.

Francis A. Casserly, St. Louis, Mo., for appellant.

William J. Costello, Asst. U. S. Atty., St. Louis, Mo. (Drake Watson, U. S. Atty., St. Louis, Mo., on the brief), for appellee.

Before WOODROUGH, THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the defendant from a judgment for the plaintiff in an action brought by the United States for a mandatory injunction and restitution of amounts received for five houses over and above the maximum sales price. The complaint charged violation of Priorities Regulation 33, as amended, promulgated under Title III of the Second War Powers Act, as amended, 56 Stat. 176, 50 U.S.C.A.Appendix, § 633, § 7(c) of the Veterans' Emergency Housing Act of 1946, 60 Stat. 207, 50 U.S.C.A.Appendix, § 1821 et seq., and Title 28 U.S.C. § 1345.

The appellant applied for and received priorities assistance to build ten dwelling houses located on Lots 29 to 38 inclusive on a certain block in St. Louis, Missouri. The complaint charged that the appellant sold five of the ten houses for $8,500 each when the maximum sales price was $8,000, and the court so found and entered judgment for restitution to the veteran purchasers of the $500 excess in each case. The complaint also charged that appellant failed in certain particulars to complete the houses according to the plans and specifications. The court so found and the mandatory injunction ordered him to complete each house in compliance with the specifications. It is admitted that the appellant obtained a preference rating which entitled him to procure the necessary building materials for use in the construction of the houses.

Appellant's principal defense on the issue of restitution in the trial court was that in requesting, on January 15, 1947, that the maximum sales price of the houses be increased to $9,000 per house he made a mistake in describing the lots intended to be included and referred to lots 29 to 33 inclusive, instead of lots 29 to 38 inclusive;

that he did not discover the mistake until a comparatively short time prior to the trial; and for failure to complete the houses according to certain of the specifications he contended that he had allowed the purchasers a credit in each case of $100.

The court made findings of fact and entered the judgment against the defendant from which this appeal was taken.

Reversal is sought on the grounds that: 1. The court lacked jurisdiction of the subject matter of the controversy; 2. The court had no power to grant restitution; 3. The court erred in holding that appellant had failed to complete the houses in some respects according to the specifications because the finding is not sustained by competent evidence and is against the greater weight of the evidence; and 4. The court erred in excluding the testimony of an FHA witness that he would have given appellant an increase in selling price to $8,600 on all ten houses had such increase been requested.

Counsel for appellant argues that the district court lacked jurisdiction of the subject matter of the controversy because § 7(a) of the Veterans' Emergency Housing Act of 1946, 60 Stat. 207, 50 U.S.C.A. Appendix, § 1821 et seq., authorizes an injunction or "other order" only against a person who is presently violating or who is about to violate any of the provisions of § 5 of the Act. Section 7(a) provides that upon a showing that "any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 5 of this Act * * * a permanent or temporary injunction, restraining order, *or other order* may be granted * * * [by] the appropriate court." (Emphasis supplied.) Counsel relies upon the authority of Moore v. United States, 5 Cir., 182 F.2d 332. Since counsel filed his brief in this case the decision of the Fifth Circuit has been reversed in United States v. Moore, 340 U.S. 616, 71 S.Ct. 524. The Supreme Court followed its own decision in Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, say-

ing "Adhering to the broad ground of interpretation of the 'other orders' provision adopted in the Warner case, we think the order for restitution * * * was permissible * * *." [340 U.S. 616, 71 S.Ct. 526.] See, also, Ebeling v. Woods, 8 Cir., 175 F.2d 242.

It is true the Moore case arose under the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix § 1881 et seq., but the language of § 206 of that Act and that of § 7(a) of the Veterans' Emergency Housing Act of 1946 is virtually the same; and since not only the language of the two acts is the same but the purpose of the legislation is the same, they should be construed alike. There is no merit in the contention that the court lacked jurisdiction of this controversy.

The appellant's next contention is that the order to refund $500 to each of the five purchasers of lots 34 to 38 inclusive is against both the law and the evidence.

The circumstances involved in this controversy are in brief as follows:

Original priority was granted appellant to construct 16 dwellings at a maximum selling price of $7,250 each. Thereafter he was granted an increase in the selling price to $8,000. Six dwellings were withdrawn from the project. He afterward sought an increase to $9,000 on the dwellings to be erected on "Lots 29 to 33." An increase was granted on the dwellings to be erected on said lots 29 to 33 to a maximum of $8,600. There remained five houses on lots 34 to 38 with a maximum selling price of $8,000, all of which were sold for $8,500 each. The $500 excess on these dwellings constitutes the claim in controversy.

Appellant contends that a mistake was made by him in asking for the last increase on lots 29 to 33; that his intention at the time was to ask for an increase on the sale price of the houses on all ten lots 29 to 38. The appellant's own testimony on this contention is the only evidence to support his claim. After reviewing the evidence in detail in its opinion, the court concluded that "his (Doern-

hoefer's) testimony and lack of testimony while on the witness stand does not reflect favorably on his credibility as a witness", and that he "has failed to establish by the greater weight of the evidence that his application for an increase in maximum selling price, wherein he restricted the application to lots 29 to 33, was a mistake..."

The request for an increase in the selling price on lots 29 to 33 was made January 15, 1947, and was granted on January 30th in the same year. The appellant made no objection to the price as established and made no claim that a mistake had been made by him in his application until the investigation leading to this suit was under way.

The law of the case is clear. The trial was before the court without a jury. The court was, therefore, judge of the weight of the evidence and the credibility of the witnesses. Under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., this court may not reverse his decision unless it is clearly erroneous. The law applicable and controlling in this situation was reviewed by this court at length in Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136. We need not, therefore, extend this opinion with a further review thereof.

The appellant has failed to demonstrate that the court erred either as to the facts or the law.

The contention that the court erred in finding that the appellant had failed to complete the driveways and in requiring him to install lath and plaster fire wall partitions is without merit. The finding and holding of the court was sustained by competent evidence, and this court cannot disturb the finding or the decree.

Appellant's final contention is that the court erred in not permitting the FHA witness to testify that he would have given appellant an increase to $8,600 on all the houses had Doernhoefer requested it on January 15, 1947. The court sustained an objection to such testimony on the ground that such question was not an issue in the case. The court held that the sub-

ject was speculative and said: "If you want to show that his office made a mistake, I will permit you to do so." Clearly, the court did not err in this regard. Whatever the answer of the witness might have been it could only be speculative, and it was not otherwise relevant.

The judgment appealed from is accordingly affirmed.