## UNITED STATES v. FAVA.

### No. 12333.

United States District Court
E. D. Pennsylvania.
March 23, 1953.

Jack H. Roseman and Irving I. Solit, Office of Rent Stabilization, Philadelphia, Pa., for plaintiff.

Charles M. Bolich, Allentown, Pa., for defendant.

GRIM, District Judge.

Plaintiff, United States of America, has instituted suit for alleged rent overcharges against defendant, Second National Bank of Allentown, Pennsylvania, in its fiduciary capacity as court-appointed guardian of the estate of Gloria E. R. Fava, a minor. Second National moved to dismiss the action on the grounds that it is not the guardian of the minor's real estate involved in the present case and therefore is not a proper party defendant. After hearing argument I denied defendant's motion to dismiss without prejudice to its right to raise the same question in another manner, because the facts involved were not then of record. Defendant then filed an answer on the merits, raising, among other things, the same defenses it had raised in its motion to dismiss. Now plaintiff has moved the Court for leave to join as additional defendant Mary Menicucci, executrix of the estate of Emma Fava, deceased, and testamentary guardian of Gloria E. R. Fava, a minor.

Mary Menicucci, who resides in Philadelphia, was designated guardian of the estate of the minor by the will of Emma Fava, the minor's deceased mother. By this will, which was probated on March 20, 1950, there was devised to the minor the property known as 394 Greenleaf Street, ·Allentown Pennsylvania, which includes the housing accommodation (designated as "second and third floor apartment") involved in the present case. Plaintiff alleges and defendant, Second National, admits that Mary Menicucci "collected rent on behalf of the minor defendant for the use and occupancy of the aforesaid housing accommodation from the tenants * * * ." (Complaint, Par. 6; Answer, First Defense, Par. 1(a).)

The present fiduciary defendant, Second National Bank of Allentown, was appointed guardian of the estate of Gloria E. R. Fava, the minor in question, by an order of the Orphans' Court of Lehigh County, Pennsylvania, dated June 13, 1950. The petition for appointment of Second National as guardian, to which the aforesaid order is appended, recites "that the amount

---

---

of personal property and the rents of real estate which may probably come into the guardian's hands, and the source from which the money is to be obtained is Proceeds of Insurance—Metropolitan Life Insurance Co. at $30.09 per mo. until $7,302.47 is paid and $3,049.03 on June 23, 1967." The order itself simply appoints the Second National guardian in general terms without expressly limiting its guardianship to the collection and conservation of the life insurance payments. However, when the Orphans' Court order is considered together with the earlier testamentary designation of Mary Menicucci as general guardian of the minor's estate, it is apparent that in appointing the Second National as guardian the purpose of the Orphans' Court was not to supersede the testamentary guardian, but merely to set up another guardianship limited to the life insurance proceeds.

It is clear, therefore, from an examination of the will, the petition for the appointment of the guardian, the Orphans' Court order appointing the guardian, and the pleadings in the case, that Mary Menicucci by virtue of her appointment as guardian by the will was the guardian of all of the minor's estate except the proceeds of the Metropolitan Life Insurance Co. policy and as such was responsible for, and actually did perform the duties connected with, managing the minor's real estate in question, including collecting the rents for the housing accommodations involved in the present case. It is clear also that Second National's guardianship was limited to the life insurance proceeds referred to above. A specification in the Orphans' Court order of the special purpose and limited scope of Second National's guardianship would undoubtedly have prevented the confusion which resulted in plaintiff's suing the wrong party and which necessitated the present corrective motion to bring in the proper party defendant.

Defendant's contention that the statute of limitations has run and that therefore an additional defendant cannot be joined is without merit with respect to the claim for restitution. It is well settled that the statute of limitations contained in the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., under which the present action was brought, does not bar a claim for restitution. Blood v. Fleming, 10 Cir., 1947, 161 F.2d 292; Creedon v. Randolph, 5 Cir., 1948, 165 F.2d 918; Warner Holding Co. v. Creedon, 8 Cir., 1948, 166 F.2d 119.

And Now, March 23, 1953, in accordance with the foregoing opinion, it is Ordered that plaintiff's motion to add as additional defendant Mary Menicucci, Executrix of the Estate of Emma Fava, deceased, and Testamentary Guardian of Gloria E. R. Fava, a minor, be and the same is hereby granted.