**ROTH et al. v. HYER et al.**

**HYER et al. v. ROTH et al.**

No. 10932.

Circuit Court of Appeals, Fifth Circuit.

April 22, 1944.

228

Lloyd B. Kanter, of Brooklyn, N. Y., and H. N. Roth and Clark W. Jennings, both of Orlando, Fla., for appellants.

J. Thomas Gurney and Hugh Akerman, both of Orlando, Fla., for appellees.

Before SIBLEY, McCORD, and WAL-LER, Circuit Judges.

SIBLEY, Circuit Judge.

The suit is one at law for breach of a contract allegedly made by defendants, R. L. Hyer and W. M. Davis and Son Company, to sell to plaintiffs, Benjamin H. Roth, Jerome Roth, and Milton C. Zaidenberg, a landlord's claim against United Cigar Stores Co., which was in reorganization proceedings under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The claim had been allowed for $68,629.77, and it was alleged that defendants agreed to sell it for seventy-five cents on the dollar, but on April 6, 1937, refused to deliver and transfer it. There was an alternative count against Charles P. Dickinson, but it has been taken out of the case. A demand for jury trial was made, but not in due time. So the case was tried by the judge, who gave judgment for the defendants. On appeal this judgment was "reversed for further and not inconsistent proceedings." Roth v. Hyer, 5 Cir., 133 F.2d 5, 9.

The plaintiffs thereafter moved in the District Court for a summary judgment, except as to the amount of damages. The defendants offered an amendment of their answer, it being principally a denial of authority in the attorneys who purported to sell the claim, and of any actual meeting of minds; and they filed a demand for a jury trial. The judge held that the decision of the appellate court foreclosed trial of anything but the amount of damages, refused to allow the amendment of the answer, refused a jury trial, and tried the issue of damages. He rejected the measure of damages contended for by the plaintiffs based on the value of the cash, stocks and bonds which were to be issued for the claim on reorganization if a proposed plan should be approved, as it afterwards was, and held that the damages were measured by the excess of value of the claim at the time of the breach over the contract price. Both plaintiffs and defendants appeal.

■ 1. Plaintiffs deny that defendants' appeal brings up any orders or judgments except those named in the notice of appeal. We think otherwise. The final judgment, (or such interlocutory one as may be appealed from), is the judgment to be designated under Rule of Civil Procedure 73(b), 28 U.S.C.A. following section 723c; but the appeal draws in question all rulings of the court that produced that judgment. These prior rulings and judgments under the new practice are made part of the record on appeal, as provided in Rule 75; and Rule 24(2) (b) of this Court requires that the appellant in his brief shall specify separately and particularly each error asserted and intended to be urged. It is not necessary to list them in the notice of appeal.

■ 2. We accordingly may review the refusal of a jury trial. By Rule 38(b) and (d) the right of jury trial of an issue is waived unless a demand for it is made not later than ten days after the service of the last pleading directed to such issue. We do not think the right to make the demand is revived by the reversal of a case for a new trial, nor by a belated amendment of pleadings touching the same general issues. We accordingly hold that there was no error here on the retrial in refusing the demand for a jury trial. But it may happen that a judge on a retrial may think best to have a jury, and by Rule 39(b) in such a case the Court in its discretion upon motion may order a trial by jury, though there is no longer a right to demand one. A motion to the court under Rule 39 rather than service of a demand under Rule 38 is the proper course in such a situation. It was still open to either side.

■■ 3. The judge erred in ruling that no issue was for trial except the amount of the damages. The judgment on the first trial was simply one in favor of the defendants and for costs. It adjudicated in general terms that the plaintiffs could not recover. The appellate court, one judge dissenting, thought that judgment was erroneous and reversed and set it aside, ordering "further and not inconsistent proceedings". The appellate court could probably have entered a final judgment since no jury verdict was involved (3 Am.Jur., Appeal and Error, § 1208), and the success-

ful appellants moved it to do this, but the motion was denied. The court could have made a final adjudication of the issue of liability on the record before it, and ordered that only the amount of damages be tried. It did not do that, but reversed and annulled the only judgment there was and ordered further consistent proceedings. The question is, what proceedings will be consistent? "Generally, when a case is reversed and remanded for further proceedings, it goes back to the trial court and there stands on the issues as if the former trial had not taken place. In the absence of any direction limiting the new trial to particular issues the whole case is tried anew, in pursuance of the principles of law disclosed in the opinion of the appellate court, which must be regarded as the law of the case on the second trial". 3 Am. Jur., Appeal and Error, § 1240. On the issue of the agent's authority the appellate court said: "It is undisputed that Dickinson was their agent and authorized to bind the defendants and would have bound them if he instead of Schalker had signed the memorandum. It is undisputed too that Dickinson authorized Schalker to close the deal with a binding acceptance." A letter of Dickinson was also mentioned as binding the defendants. If Dickinson's authority continued to be undisputed, it would of course be inconsistent with this opinion to hold the defendants not bound; but on the motion for summary judgment, pleadings were offered elaborating Dickinson's want of authority to sell the claim, and affidavits were produced both from Dickinson and the defendant Davis, neither of whom testified in the first trial, disputing any authority to sell in Dickinson, as well as what Dickinson had said and done. We think a substantial issue about Dickinson's authority was tendered, supported by sufficient evidence to require its trial, and that there is no inconsistency with the opinion of the appellate court in trying it. It is plain the opinion would have been otherwise had a want of authority in Dickinson then appeared. As to the allowance of further pertinent pleadings, see 3 Am.Jur., Appeal and Error, § 1241.

4. The proper measure of damages, if liability is established, is, as the judge held, the difference between the price plaintiffs agreed to pay for the claim and the value on the market of such claims at the date of the breach. This does not mean that plaintiffs were bound to buy other claims in order to minimize damages. They were, as they argue, free to buy all the claims they desired for their own account and profit, and not for the account of the defendants. We are holding that under the peculiar facts of this case there was a market for such claims, they were a commodity for sale, and the usual rule of damages for failure to deliver a marketable commodity applies. See 46 Am.Jur., Sales § 616; 55 C.J., Sales, § 1151. The United Cigar Stores owed hundreds of similar landlords' claims, aggregating millions of dollars. People at the time of the breach were buying and selling them freely. Plaintiff bought at that very time other such claims at 75 and 76 cents on the dollar. An outside witness was buying them around 80, and had during the reorganization bought up more than $2,000,000 face value of such claims. He said they could readily be purchased at 85. Plaintiffs, however, claim a greater value because the bonds and the stocks which the pending plan contemplated were also being traded in "as, if and when issued", and their trading value was even higher. The difficulty with this as a measure of value is the speculative contingency whether the plan which had been proposed would be adopted and confirmed, and the stocks and bonds would be issued and when that would be. But for this contingency, people would have paid for the claims the full value of the cash, stocks and bonds for which they might be exchanged. In view of it, they were paying considerably less. In view of the possibility of a jury trial and of more evidence on this issue also, we reverse and set aside the judgment, and leave all issues open for further trial.

The cause is accordingly remanded to the District Court for further proceedings not inconsistent with this opinion.