**MILLER et ux. v. UNITED STATES.**

No. 13283.

United States Court of Appeals
Fifth Circuit.

Jan. 10, 1951.

Rehearing Denied April 12, 1951.

938

Jay Sam Levey, San Antonio, Tex., for appellants.

Nathan Siegel, Trial Atty., Ed Dupree, General Counsel, Leon J. Libeu, Asst. Gen. Counsel, and Cecil Lichliter, Spl. Litigation Atty., Office of Housing Expediter, all of Washington, D. C., for appellee.

Before HOLMES and RUSSELL, Circuit Judges, and DOOLEY, District Judge.

RUSSELL, Circuit Judge.

The United States instituted suit in the trial Court expressly predicated upon the provisions of section 205(a) as amended of the Emergency Price Control Act of 1942 [1] and sections 205, 206(b) and 206(c) of the Housing and Rent Act of 1947, as amended,[2] and the alleged receiving by the defendants of rents in excess of the maximum legal rent on specified housing accommodations in the Dallas, Texas, defense rental area from specified tenants. Averring the failure of the tenants to bring suit for the recovery of such overcharges within thirty days, the United States asserted its claim for the damages. It was prayed that the plaintiff have judgment for three times the amount of the overcharges occurring within the year preceding the filing of the cause; that the defendants be directed to make restitution to the tenants, or in the alternative, that the excess be paid to the Treasurer of the United States, and, further, that if restitution was made on behalf of the persons entitled thereto, such amount be deducted from the treble damages due the United States of America. The complaint also prayed the issuance of a preliminary and final injunction.

The complaint was filed on July 20, 1949. Rent control in Texas terminated at midnight on October 18, 1949 by virtue of the Acts of the Texas Legislature and the announcement thereof by the Housing Expediter. In an amended answer filed by appellants with leave of the Court on October 18, 1949, defendant-appellants challenged the right of the Court to grant restitution since no injunctive relief was

1. 50 U.S.C.A.Appendix, § 901 et seq.

2. 50 U.S.C.A.Appendix, §§ 1881–1902.

then sought (by virtue of the termination of rent control), and there was no justification for compelling compliance by restitution with the law already terminated. The answer also challenged the right of the United States to recover damages for violations committed prior to April 1, 1949, the effective date of the Housing and Rent Act of 1949.

Upon the trial of the case, which began on October 17, 1949, the Court entered findings of fact and conclusions of law which directed the defendants to make restitution for the benefit of the overcharged tenants, and entered judgment for double damages in the amount of twice the rental overcharges found. This latter included overcharges made both before and after April 1, 1949. A motion for a new trial was thereafter overruled.

Appellants do not here challenge the propriety of that portion of the judgment for damages because of overcharges after April 1, 1949. They specify as error the judgment directing the landlord to make restitution of rental overcharges "since such order was not ancillary to injunctive relief and could not exist in the enforcement of a law which was no longer in effect." Appellants also specify as error the judgment directing recovery by the United States of double damages for rental overcharges prior to April 1, 1949, based upon the contention, vigorously urged in detail, that this gave an illegal retroactive effect to the Housing and Rent Act of 1949, since the law in effect prior to April 1, 1949 did not give the United States any action for damages.

■■ By the argument of the parties in this Court, two cases heretofore decided by this Court upon the power to direct restitution of rental overcharges are brought to the forefront as controlling. There is no dispute that the decision in Jackson v. Woods, 5 Cir., 182 F.2d 338, deals with the precise factual situation here involved. However, the appellants confidently rely upon the decision of this Court in Moore

v. United States, 5 Cir., 182 F.2d 332. Both of these opinions were published on May 17, 1950, and both were determined by the same division of this Court. Consideration of these two cases show that the only factual difference in them is that the complaint in the Jackson case was filed, as was the one in the present case, prior to the termination of rent control, whereas the complaint in the Moore case was filed after rent control had terminated. The Government contends that in any event, because of identity of the factual situation, the Jackson case is controlling and that the trial Court properly relied upon its authority, but nevertheless contends that the Moore decision is not sound and should be reconsidered. The appellants by their reliance upon the Moore case, and thus that the Jackson case should not be controlling, in effect agree with the Government's contention that the time of the institution of the suit is not legally determinative of the power of the Court to direct restitution. Upon the argument of this case it was made to appear that the Supreme Court had theretofore granted a writ of certiorari to bring the Moore decision before it for review. In these circumstances, and since the present case falls squarely within the decision in the Jackson case, supra, we will not attempt to reconsider the decision in the Moore case. There is no necessity to do so at this time. We accede neither to the request of the Government to reconsider the Moore case, or of the appellants to apply its principles in the present case. We here apply to the identical situation the ruling announced in the Jackson case, supra. It follows therefrom that we affirm the judgment of the trial Court ordering restitution to be made, even though entered after the termination of rent control.

The merit of the remaining assignment of error depends upon whether section 205 of the Housing and Rent Act after its amendment in 1949,[3] affords authority for

3. "Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment (*or shall be liable to the United States as hereinafter provided*), for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of

the United States to sue for and recover rental overcharges occurring prior to the effective date of that Act and within the one year period therein provided in case the tenant fails to institute an action thereunder within thirty days from the date of the occurrence of the violation. This precise question has been determined adversely to the contentions of appellants by the Court of Appeals for the Third Circuit in United States v. Gianoulis, 183 F.2d 378. The amended statute was there construed as validly authorizing the recovery of treble damages by the United States based upon rental overcharge violations occurring prior to the effective date of the Act, so long as they were within the one year limitation period provided by the statute. We are likewise of the opinion that such is the true intent and effect of the statute as amended, as appears from consideration of the language used in the light of the recognized evil to be remedied, and further elaboration of the reasoning in the Gainoulis case is unnecessary. Upon a question involving generally similar principles of statutory construction and application, we held to the same effect in Bowles v. Strickland, 5 Cir., 151 F.2d 419.

The judgment appealed from is

Affirmed.

(1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: *Provided,* That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation: *Provided, That if the person from whom such payment is demanded, accepted, or received either fails to institute an action under this section within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the United States may institute such action within such one-year period. If such action is instituted, the person from whom* such payment is demanded, accepted, or received shall thereafter be barred from bringing an action for the same violation or violations. For the purpose of determining the amount of liquidated damages to be awarded to the plaintiff in an action brought under this section, all violations alleged in such action which were committed by the defendant with respect to the plaintiff prior to the bringing of action shall be deemed to constitute one violation, and the amount demanded, accepted, or received in connection with such one violation shall be deemed to be the aggregate amount demanded, accepted, or received in connection with all violations. A judgment in an action under this section shall be a bar to a recovery under this section in any other action against the same defendant on account of any violation with respect to the same *person* prior to the institution of the action in which such judgment was rendered." (Emphasis supplied to evidence the provisions added by amendment.) 50 U.S.C.A.Appendix, § 1895.