**UNITED STATES v. PILEGGI et al.**

No. 111, Docket 22158.

United States Court of Appeals
Second Circuit.

Argued Nov. 14, 1951.

Decided Dec. 3, 1951.

879

Charles E. Doyle, Peekskill, N. Y., for defendants-appellants.

Ed Dupree, General Counsel, Leon J. Libeu, Asst. General Counsel, and Nathan Siegel, Sp. Litigation Atty., Office of Rent Stabilization, all of Washington, D. C., George G. Allen, Newark, N. J., for United States of America, plaintiff-appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

Pursuant to Section 205 of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 925, and Sections 205, 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, §§ 1895, 1896(b), the United States brought suit against the appellants, owners of an apartment house in Ossining, N. Y., alleging that the appellants had charged rents in excess of the maximum legal rents by requiring certain named tenants to paint, decorate and repair apartments, in addition to payment of the maximum monthly rent, as a condition to renting their apartments. The complaint alleged also that two tenants were required to pay cash bonuses for securing the rental of an apartment. At the conclusion of the trial, the district court found that but one tenant had been required to pay a cash bonus and otherwise found the facts to be as alleged in the complaint. It concluded that the amounts paid by each tenant for painting and decoration or bonus constituted payment of rent within the meaning of the Act and that there were accordingly rental overcharges. The court ordered the appellants to restore to the tenants the amounts paid by them for decoration, painting and bonus, awarded statutory damages to the United States, and enjoined further violations.

The district court's findings that the appellants required the various tenants to paint and decorate apartments, and in one instance, to pay a cash bonus as a condition of renting an apartment, are adequately supported by the evidence. However, the appellants contend that with the exception of the cash bonus, the moneys expended by the tenants for the repairs were paid to the contractors who performed the services, and that since the appellants did not receive any of such cash payments, there is no evidence that they received or accepted any rent in excess of the maximum legal rental. But the 1947 Act defines rent as " * * * any bonus, benefit, or gratuity demanded or received for or in connection with the use or occupancy of housing accommodations * * *", 50 U. S.C.A.Appendix, § 1892(e), and it is settled that "rent" is received or demanded when a tenant is required as a condition of rental to purchase or pay for a service he does not want regardless of the person to whom the money must be paid. E.g., Orenstein v. United States, 1 Cir., 191 F.2d 184; United States v. DePorceri, 2d Cir., 161 F.2d 526. It is immaterial that here the tenants also received benefits from the expenditures they were required to make. Nor is there any merit in the appellants' contention that restitution is barred by the one year limitation contained in Section 205 of both Acts, 50 U.S.C.A.Appendix, §§ 925 (e), 1895, which only applies to actions for damages. The United States may properly sue for restitution as an equitable remedy ancillary to the injunction, Orenstein v. United States, supra, 191 F.2d at 188–189, and such an action is not barred after one year by Section 205. Ebeling v. Woods, 8 Cir., 175 F.2d 242; Woods v. McCord, 9 Cir., 175 F.2d 919.

The judgment accordingly is affirmed.