**MOORE et ux. v. UNITED STATES.**

No. 13811.

United States Court of Appeals
Fifth Circuit.

May 23, 1952.

Rehearing Denied July 21, 1952.

Frank Cusack, Shelby S. Cox, Dallas, Tex., for appellants.

Nathan Siegel, Special Litigation Atty., Ed Dupree, General Counsel, and Leon J. Libeu, Asst. General Counsel, all of Washington, D. C., for appellee.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

STRUM, Circuit Judge.

The affected tenant having failed to sue, the United States acting through its Housing Expediter brought this action on June 29, 1949, against two offending landlords who owned a formerly rent-controlled apartment building in Dallas, Texas. The action was brought pursuant to Secs. 205 and 206(b) of the Housing and Rent Act of 1947, as amended, '50 U.S.C.A.Appendix, §§ 1895 and 1896(b). Injunctive relief against future violations was sought, also ancillary relief by way of restitution and damages. Compare Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

The trial court found that from October 1, 1947, to May 31, 1949, defendants had received and accepted rents for said apartment which were $1093.48 in excess of the legal maximum. Rent control in the Dallas area was terminated on June 23, 1949, after the violations charged, but six days before this suit was brought. No injunctive relief was granted, as de-control had removed the basis therefor when suit was instituted, but judgment in favor of the United States was entered for statutory damages of $50, and for the additional sum of $1093.48, for the benefit of the tenant, as restitution of all overcharges for the entire rental period. The trial was by the court without a jury, no jury having been demanded.

On appeal, this court held that restitution was here sought only as ancillary to injunctive relief, and the latter being no longer available in the Dallas area because of de-control, the complaint should be dis-

missed insofar as it seeks injunctive relief and restitution, but that the United States could recover statutory damages under Sec. 205, supra. The cause was remanded to the district court for a new trial on the latter issue. Moore v. United States, 5 Cir., 182 F.2d 332.

On certiorari, the Supreme Court reversed, holding that notwithstanding de-control the judgment for restitution was properly entered under the "other orders" provision of Sec. 206(b) of the Act, 50 U.S.C.A.Appendix, § 1896(b), even though injunctive relief was not permissible at the time of the order of restitution. United States v. Moore, 340 U.S. 616, 71 S.Ct. 524, 95 L. Ed. 582. See also Creedon v. Randolph, 5 Cir., 165 F.2d 918.

On the second trial, the district court again without a jury found that the violation was wilful, ordered restitution for the benefit of the tenant in amount of $1093.48, that being the sum of all overcharges during the entire term from October 1, 1947, to May 31, 1949, and also entered judgment for damages in favor of the United States in the sum of $1583.40, that being three times the overcharges ($527.80) paid within one year prior to suit.

The cause is again here on appeal from that judgment. Appellants assert (1) that on the second trial of the case they were erroneously denied a jury trial, and (2) that the United States is not entitled to both restitution in full for the tenant over the entire term *and* treble damages for itself as to excessive payments during the year immediately prior to suit.

■■ There was no error in denying a jury trial. Even if a jury trial is secured by the Seventh Amendment in this type of action,[1] it has been effectively waived here. No demand for jury trial was made with the original answer, nor within ten days thereafter. In fact, no demand for a jury trial as of right under Rule 38 has ever been made. The first trial proceeded, without objection, before the court without a jury. No demand whatever for

a jury trial was made until September 12, 1950, after the mandate of this court had gone down following the first appeal, when defendants, with leave of court, amended their answer to deny that the violations were wilful, at which time they moved for a jury trial under Rule 39(b). This motion was addressed to the discretion of the trial judge, and he denied it. In this, there was no abuse of discretion. Compare Goldman Theatres v. Kirkpatrick, 3 Cir., 154 F.2d 66.

■ This court has held that the right to a jury trial, when once waived, can not be revived by a belated amendment of pleadings touching the same general issues. Roth v. Hyer, 5 Cir., 142 F.2d 227, certiorari denied 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573. Though the original answer did not categorically deny that the violations were wilful, the issue was implicit in the first trial because the complaint prayed for "three times all overcharges made * * * within one year preceding the filing of this suit," and the original answer avers that defendants "should not be liable for treble damages * * *." As the recovery of treble damages depends upon the wilfulness of the violation, that issue has been in the case from the beginning. The amendment to the answer therefore creates no "new" jury issue within the meaning of the rule stated in Bereslavsky v. Kloeb, 6 Cir., 162 F.2d 862; Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499; Lader v. Dahlberg, D.C., 2 F.R.D. 49; Mealy v. Fidelity National Bank, D.C., 2 F.R.D. 339; Munkacsy v. Warner Bros., D.C., 2 F.R.D. 380, and like cases. See also Moore's Federal Practice, Vol. 5, pages 326 and 342, discussing Rule 38.

Appellants contend that they could not have demanded a jury at the time of the filing of their original answer because the suit was then exclusively in equity, the complaint primarily seeking injunctive relief, to which relief by way of restitution and damages was ancillary. They assert that they did not become entitled to a jury

1. Compare Agwilines v. N. L. R. B., 5 Cir., 87 F.2d 146, 150–152; N. L. R. B. v. Jones-Laughlin Steel Corp., 5 Cir.,

301 I.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893, 917.

trial until this court directed a dismissal of the complaint insofar as it sought injunctive relief, thus leaving only law issues to be tried, and that they could not waive a right they did not have.

But the way was open to defendants below when they filed their original answer to challenge the existence of equity jurisdiction on the ground that de-control had occurred prior to suit, leaving only a demand for money damages, as to which defendants could then have asserted their claim to a jury trial. It is in this respect that this case fundamentally differs from Bereslavsky v. Kloeb, 6 Cir., 162 F.2d 862, on which appellants rely. In the latter case, the defendants concededly did not become entitled to a jury trial until the form of the action was changed from equity to law, when they timely sought a jury trial. Here, the existence *vel non* of equity jurisdiction was an open question. It was not conclusively settled, as in the Bereslavsky case, that the action was in equity. Defendants could have asserted in the beginning that there was no equity jurisdiction and demanded a jury trial as to the other issues, but they did not do so. This is not to hold, however, that they were entitled to a jury trial. See cases cited in Note 1.

It is no answer that defendants moved to dismiss the complaint in the district court on the ground, amongst others, that equity jurisdiction had ceased to exist because of de-control. That still falls short of demanding a jury trial. Moreover, that is a defense based upon facts *dehors* the record, which should be asserted by answer, not by motion. The district court was correct in denying the motion to dismiss, as the complaint clearly stated a case for recovery by way of restitution and for damages, even though it should have been dismissed, as later held, as to injunctive relief. But none of these things precluded the defendants from challenging equity jurisdiction and demanding a jury trial *in limine,* had they desired one. They can not now excuse their failure to properly seek a jury trial in due season, as they were at liberty to do, by what eventuated as the case progressed, when, unlike the Bereslavsky case, the choice was open to them from the beginning. When defendants belatedly asked for a jury trial, they did not demand it as of right under Rule 38(b), but sought it under the discretionary power of Rule 39(b), a rather strong indication that defendants thought their absolute right under Rule 38 had been waived.

To sustain the trial court's award of treble damages to the United States for overcharges within one year, and also restitution for the benefit of the tenant of all overcharges for the entire term, the United States relies upon Woods v. Witzke, 6 Cir., 174 F.2d 855, and United States v. Ziomek, 8 Cir., 191 F.2d 818. See also Co-Efficient Foundation v. Woods, 5 Cir., 171 F.2d 691; Ebeling v. Woods, 8 Cir., 175 F.2d 242; Woods v. McCord, 9 Cir., 175 F.2d 919. In these cases relief by way of restitution and damages was sought as ancillary to equity jurisdiction. In such an action the amount of restitution to be awarded was held to rest in the sound discretion of the court, the one year statute of limitations found in Sec. 205, supra, being inapplicable because restitution is granted upon a separate right of recovery pursuant to Sec. 206(b) which contains no one year limitation as in Sec. 205. See United States v. Pileggi, 2 Cir., 192 F.2d 878; Miller v. United States, 5 Cir., 186 F.2d 937; Mahanor v. United States, 1 Cir., 192 F.2d 873.

When this case was before the Supreme Court, 340 U.S. 616, 71 S.Ct. 524, 526, 95 L.Ed. 582, that court said: "Adhering to the broad ground of interpretation of the 'other orders' provision adopted in the Warner case, we think the order for restitution entered by the District Court in this action was permissible under § 206(b). Such a decree clearly enforces compliance with the Act and regulations for the period in which respondent demanded and received excess rentals." Thus the judgment of restitution for the benefit of the tenant rendered in the first trial of this cause has been expressly sanctioned by the Supreme Court, although plaintiff below was not entitled to injunctive relief. The same judgment as to restitution was rendered

910

on the second trial. See Mahanor v. United States, 1 Cir., 192 F.2d 873, headnote 9.

The trial court's award to the United States in its own right of three times the overpayments occurring within one year preceding suit was also correct. At the time this suit was commenced, the statute mandatorily required such an award in these circumstances.[2]

There was no error in awarding both restitution and statutory damages. The former, which survived de-control, is awarded under the "other orders" provision of Sec. 206(b) as an aid to enforcement. The latter is awarded under Sec. 205, conferring a separate right of recovery, as punitive damages for violating the statute. Sec. 206(b) contains no one year limitation as does Sec. 205. Compare United States v. Pileggi, 2 Cir., 192 F.2d 878; Mahanor v. United States, supra. Finding no error, the judgment is

Affirmed.

2. The suit was instituted prior to the amendment of July 31, 1951, which changed the measure of recovery to "not more than" three times the amount of the overcharges.