**WARNER HOLDING CO. et al. v. UNITED STATES.**

No. 14734.

United States Court of Appeals
Eighth Circuit.

May 4, 1953.

Arnold A. Karlins, Minneapolis, Minn. (R. H. Fryberger, M. R. Keith, and Alan L. Stiegler, Minneapolis, Minn., were with him on the brief), for appellants.

Nathan Siegel, Sol., Office of Rent Stabilization, Washington, D. C. (Ed Dupree, Gen. Counsel, A. M. Edwards, Jr., Asst. Gen. Counsel, and Cecil H. Lichliter, Sp. Litigation Atty., Office of Rent Stabilization, Washington, D. C., were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an action brought by the United States of America pursuant to section 205 (a) of the Emergency Price Control Act of 1942, as amended, 56 Stat. 33, 50 U.S.C.A. Appendix § 925(a), and section 206(a) of the Housing and Rent Act of 1947, as amended, 61 Stat. 193, 50 U.S.C.A.Appendix § 1881 et seq. The appellants, defendants below, are a corporation, Warner Holding Company, which is the owner of certain apartments in Minneapolis, Minnesota, Harold Warner, president of the corporation, and Albert Plantan, an employee of the corporation.

The complaint herein charged that defendants had demanded and received, at certain specified times (some of the actions occurring during the existence of the Act of 1942, and others while the Act of 1947 was in effect), rents in excess of the maximum rents allowable under the Acts and Regulations promulgated thereunder. The allegations were to the effect that greater than maximum rents were exacted from defendants' tenants by charging the tenants, before their tenancies began and as a condition of renting the premises, amounts necessary to re-finish and decorate the apartments which were to be rented. Plaintiff prayed for restitution of the rental overcharges, statutory damages and injunction. The defendants in separate answers denied the violations.

Trial was had to the court and the court made findings that 16 of the tenants had been required to pay for decorating their respective apartments as a condition of renting them, and that such tenants had been overcharged in their rents by the amount paid for such decorating. The court also found two other tenants had been directly overcharged in their rents, and defendants on this appeal admit overcharges

as to tenant Brodt in the amount of $85.25, and as to tenant Weaver in the amount of $350.00. Plaintiff claimed that additional direct overcharges in the amount of $467.00 were imposed on the tenant Weaver and the court so found. Defendants' contention that the court erred in respect to the additional overcharge to Weaver are considered under heading 3 of this opinion. The court did not assess statutory damages in favor of the United States, but did permanently enjoin defendants from further violations of the Act.

The defendants have argued for reversal on four grounds: (1) That the United States did not prove that each tenant to whom restitution was ordered was forced to decorate as a condition of rental; (2) that if restitution was proper, the trial court should have considered the value received by the tenant from the decorating services they received; (3) that the rent and decorating overcharges received from the tenant Weaver on July 9 and July 17, 1946, were lawful; and (4) that the court erred in granting a permanent injunction.

1 and 2. The trial court found that the amounts paid by the prospective tenants for decorating constituted "rent"; that the rent paid by the named tenants, including the decorating charges, exceeded the legal maximum rents; that payment of the decorating charges was a condition precedent to rental of the apartments; and that the demand and receipt of the excess rentals were with intent to evade the applicable Acts.

We conclude from careful consideration of the record that the findings made by the court are amply supported in the evidence and are binding on this court on this appeal. United States v. Beatty, 8 Cir., 192 F.2d 945.

Insofar as the trial court declared conclusions of law, we think they were without error. Appellants' contentions—among them the assertions that the decorating payments did not constitute "rent"; that the value received by the tenants should have been deducted from the amounts ordered restored to them; that the apartments needed refinishing and decorating, and that therefore the prospective tenants were not paying for a service they did not want— were fully considered by the Court of Appeals for the Second Circuit in the recent case of United States v. Pileggi, 2 Cir., 192 F.2d 878, where the issues and evidence were similar. We are in accord with the decision in that case and the opinion of the court sufficiently refutes the contentions for reversal presented here.

The only major difference is that in the Pileggi case the payments for decorating were made to third-party contractors who were not brought into the case, while in the case at bar the decorating payments were made to the Linden Realty Company. The trial court found that that company and the defendant corporation "were, insofar as their operations with respect to the housing accommodations * * * [herein] were concerned, and in spite of their corporate identities, an operational unit." Defendants' evasion of the Acts in the case at bar is therefore even clearer than in the Pileggi case.

3. The Emergency Price Control Act of 1942, as amended, expired by its own terms on June 30, 1946, since Congress had failed to extend the Act by that date. On July 25, 1946, Congress enacted the Price Control Extension Act, 60 Stat. 664, 50 U.S.C.A.Appendix § 901 et seq., which Act revived and extended the lapsed Emergency Price Control Act to June 30, 1947. Section 18 of the Extension Act provided: "The provisions of this Act shall take effect as of June 30, 1946, and all regulations, orders, price schedules, and requirements under the Emergency Price Control Act of 1942, as amended * * *, which were in effect on June 30, 1946, shall be in effect in the same manner and to the same extent as if this Act had been enacted on June 30, 1946, * * *. Provided further, That no act or transaction, or omission or failure to act, occurring subsequent to June 30, 1946, and prior to the date of enactment of this Act shall be deemed to be a violation of the Emergency Price Control Act of 1942, as amended, * * *, or of any regulation, order, price schedule, or requirement under * * * such Acts * * *."

In the case at bar, on July 17, 1946, one Clyde Weaver and the defendant corporation entered into a contract of lease covering one of defendant's apartments. The lease provided a rental of $25 per month in excess of the maximum legal rent for the unit. The rent stipulated in the lease was paid for 14 months in advance in a lump sum on July 17, 1946. Further, on the same day, under an arrangement for decorating exactly like the type of arrangement considered in part 1 and 2 of this opinion, Weaver paid defendant $117.00 for the cost of decorating his apartment.

On this appeal, defendants contend that the lump sum payment of 14 months' rent on July 17, 1946 (paying rent for the period of August 1, 1946 to September 30, 1947) did not result in a rental overcharge for that period. Defendants admit that Weaver's tenancy from October 1, 1947, to November 30, 1948, was at a rate of $25 per month in excess of the allowable maximum rent, and admit that $350.00 overcharge for those months should be restored to Weaver. However, as to the $350.00 overcharge for the period of August 1, 1946 to September 30, 1947, defendants contend that the lump sum was paid for those months during a time when no rent controls were in effect and that such payment was therefore legal, and that subsequent legislation cannot deprive defendants of the rights obtained under a lease entered into during the hiatus between the two Rent Control Acts.

■ Defendants' contentions in this regard were fully answered in the case of Fleming v. Rhodes, 331 U.S. 100, 67 S.Ct. 1140, 1144, 91 L.Ed. 1368. That case involved the retroactive provisions of § 18 of the Extension Act as applied to judgments of eviction. The Supreme Court there stated: "Federal regulation of future action based upon rights previously acquired by the person regulated is not prohibited by the Constitution. So long as the Constitution authorizes the subsequently enacted legislation, the fact that its provisions limit or interfere with previously acquired rights does not condemn it. Immunity from federal regulation is not gained through forehanded contracts."

■ The moment the Extension Act of 1946 was enacted, the rental provided in the Weaver lease for periods after July 25, 1946, became excessive. Rental during the period of July 1 to July 24, 1946, would not be excessive, see Cobleigh v. Woods, 1 Cir., 172 F.2d 167, but rentals after July 25, 1946 must conform to the levels existent on June 30, 1946. The fact that the payment was made on July 17 does not alter the situation. The rent was for a period covered by the Extension Act and was excessive, and the trial court properly ordered the excess returned to Weaver.

■ Weaver's payment on July 17, of $117.00 for decorating stands in the same category as the lump sum payment under the lease. If Weaver had paid rental for a period between July 1 and July 25, 1946, and had paid the $117.00 for that purpose during that hiatus period, it may well be that the court could not allocate the $117.00 to a period after the enactment of the Extension Act on July 25. However, Weaver testified that he paid rent for the period August 1, 1946 to November 30, 1948. Necessarily then, all rent paid by Weaver was for periods within the coverage of the Acts. The decorating payment was "rent" and was in excess of the maximum, and therefore restitution of it was properly ordered.

■ 4. Appellants protest against the issuance of the injunction permanently enjoining future violations of the Acts. We feel that the trial court did not abuse its discretion in granting such injunction in view of the attitude and actions of defendants, both in the case at bar and throughout the existence of the various Rent Control Acts. See, e. g., Creedon v. Warner Holding Company, 8 Cir., 162 F.2d 115; Warner Holding Company v. Creedon, 8 Cir., 166 F.2d 119; Porter v. Warner Holding Company, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

The judgment of the trial court is affirmed in all respects.