**Mrs. Esterlene G. McKNIGHT, Administratrix of the Estate of Johnnie Ervin McKnight, Plaintiff,**

v.

**Dr. John D. DYER et al., Defendants.**

**No. EC 71-32-S.**

United States District Court,
N. D. Mississippi, E. D.

Jan. 2, 1973.

D. W. Houston, C. A. Chamberlin, Houston, Chamberlin & Houston, Aberdeen, Miss., T. R. Price, R. M. Johnson, Canada, Russell & Turner, Memphis, Tenn., for plaintiff.

Robert L. Green, of Neeley, Green & Fargarson, Memphis, Tenn., Ralph Holland, of Lumpkin, Holland & Ray, Tupelo, Miss., Armis E. Hawkins, Houston, Miss., Robert C. Travis, Wise, Carter & Child, Jackson, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on plaintiff's request for a jury trial on all issues, filed November 3, 1972. Rule 38(b), F.R.Civ.P. provides in pertinent part that "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." Plaintiff's request was not timely filed.

Rule 38(b) provides that a demand for a trial by jury "[M]ay be endorsed upon a pleading of the party". Defendant Houston Hospital, Inc. (Houston) endorsed upon its answer, which was filed March 23, 1971, the following:

### DEMAND FOR JURY

Defendant Houston Hospital respectfully demands a jury for trial of all issues of fact in this case.

Houston has now filed a request to withdraw the demand for a trial by jury. The other defendants have not requested a trial by jury.

Rule 38(d) provides in part that "A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." It is apparent from the plain language of Rule 38 (d) that the demand by Houston for a trial by jury may not be withdrawn without the consent of the parties.

It is generally conceded that "If a timely and proper demand for a jury is made by one party, all of the parties to the action who are interested in the issues for which jury trial has been demanded may rely on that demand and need not make an additional demand of their own." 9 Wright and Miller, Federal Practice and Procedure, Civ. Sec. 2318, at 85.

■ Plaintiff does not consent to the withdrawal by Houston of the jury demand. Plaintiff has the right to rely on Houston's demand for a jury determination of all issues in which Houston may be interested. Houston's request to withdraw the demand must be denied.

The result of this holding is that all issues of fact involving Houston must be tried by a jury, although the issues which remain will be tried by the court unless plaintiff's request is honored. The other defendants have not requested a jury trial.

■ Rule 39(b) F.R.Civ.P. provides in part "[N]otwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." The request filed by plaintiff is not designated as a motion, nor is it filed as such pursuant to Rule 39(b). In substance, however, the request moves the court to grant plaintiff a jury trial on all issues, and, thus, may be considered as a motion within the purview of Rule 39(b).[1]

1. The Fifth Circuit held in Swofford v. B & W, Incorporated, 336 F.2d 406 (1964), certiorari denied 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557:

We think that when a demand *has* been made, though untimely, it is not reversible error for the district court to exercise its discretion under Rule 39(b)

In the case of State of Mississippi v. Hurst, 41 F.R.D. 186 (N.D.Miss.1966), the late Judge Clayton considered a problem similar to the one now presented to the court. There two defendants each failed to make a timely demand for a trial by jury pursuant to Rule 38(b), and later each filed a motion for a jury trial under Rule 39(b). Plaintiff resisted the motion, although other defendants had asked for and would have a jury. Judge Clayton held:

The Seventh Amendment right to a jury trial in a federal court is basic and fundamental, but once this right has been waived, the court has, under Rule 39(b), broad discretion in relieving a party, or parties, from such a waiver. . . .

It is not in the spirit of the rules, particularly the rules as amended and adopted subsequent to the filing of this motion, to base the right to a jury trial on technical adherence to the time requirement for demanding the same, . . . Here there will be no difficulty in having a jury available since one is required for the other defendants. Therefore, it is

Ordered:

That the motions of the defendants, Virgin Lindsey and William Hurst, for a jury trial shall be, and hereby are, sustained. (41 F.R.D. 186–187).

The court has examined the complaint to determine whether the negligence charged to have been committed by Houston involves issues which may affect the other two defendants, and thus, to determine whether the areas of negligence in which Houston is said to have participated might reasonably be separated from the other areas of negligence set forth in the complaint. Plaintiff alleges that defendant Harmon was not qualified satisfactorily to perform the operation in question, which is said to have resulted in the death of plaintiff's decedent, and that Houston was negligent in permitting the operation to be performed in its hospital at a time when it knew or with the exercise of reasonable care should have known that Dr. Harmon was not qualified to perform the operation. Before the jury could find Houston negligent in this respect, the jury must find that Dr. Harmon was not qualified to perform the operation. In this regard, at least, the facts are so intertwined that the same issue would necessarily be for determination by the jury, and, as to the other defendants, by the court.

 The court is of the opinion and so finds that, under the circumstances of the case, the plaintiff's request for a trial by jury, having the attributes of a motion, should be sustained pursuant to authority of Rule 39(b).

An appropriate order is being entered by the court.

---

even though we have advised previously that "[a] motion to the court under Rule 39 rather than service of a demand under Rule 38 is the proper course * * *." Roth v. Hyer, 5 Cir. 1944, 142 F.2d 227, 228. (336 F.2d at 409.)