**READING & BATES CONSTRUCTION COMPANY, Plaintiff,**

v.

**BAKER ENERGY RESOURCES CORPORATION, Defendant.**

**Civ. A. No. H–81–3383.**

United States District Court, S.D. Texas, Houston Division.

Jan. 3, 1983.

---

Ned Conley, Houston, Tex., for plaintiff.

Charles H. DeLaGarza, Houston, Tex., for defendant.

## ORDER

STERLING, District Judge.

Pending before the Court are Plaintiff's motions to file first and second amended complaints and Defendant's motion to strike jury demand. By its first amendment Plaintiff seeks to add Defendant's parent corporation as a co-defendant, charging Baker Marine with inducement of infringement. The second amendment purports to add allegations of infringement of other claims of the patent in suit. Defendant moves the Court to strike the jury demands which were submitted with the amended complaints on the ground that no "new issues" have been raised.

The test to be employed by a court in ruling on a motion to strike a jury demand is whether the "new issues" alleged in the amendments "touch ... the same general issues" raised by the original pleadings, *Roth v. Hyer*, 142 F.2d 227, 228 (5th Cir. 1944), or whether the issues contained in the amended complaints "were in any material way different from those presented by the original [complaint]." *Connecticut General Life Insurance Co. v. Breslin*, 332 F.2d 928, 931 (5th Cir.1964).

The Court must apply this test in light of the proposition that federal court pleadings are liberally construed. *Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045, 1050 (9th Cir.1974). Plaintiff's original complaint alleged that " ... United States Letters Patent No. 4,003,440 ... (the 'Cherrington Patent'), was duly and legally issued." It prayed for specific and general damages and "a preliminary and final injunction against further infringement *of the Cherrington Patent* by Defendant and those controlled by or *in active concert with Defendant* " [emphasis added]. Defendant answered and counterclaimed for declaratory relief praying "[t]hat ... Patent No. 4,003,440 be declared invalid, void and unenforceable and that the Defendant be declared not to have infringed said patent." From the above the Court finds that the issues of validity and infringement of the patent, and infringement of the patent by those in active concert with Defendant were raised expressly or implicitly by the original pleadings. *See Moore v. United States*, 196 F.2d 906 (5th Cir.1952).

In *Hostrop v. Board of Junior College District No. 515,* 523 F.2d 569, 581 (7th Cir.1975), *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976), the plaintiff alleged, much as has been done here, the basis of his claim, (Cherrington Patent here, contract there) and added a short and plain statement that his termination was "in violation of the plaintiff's contractual rights and further in violation of his [constitutional] rights." The Court of Appeals found that simple statement sufficient to raise a contract issue, and held that a subsequent amended complaint presenting a contract claim did not revive the plaintiff's previously waived right to trial by jury. By analogy Reading & Bates' amended complaints do not raise new infringement issues in this litigation.

The Court is convinced the above conclusions are compelled by a fair reading of the original pleadings. Although as discussed above there is more than that present here, simply an allegation concerning infringement of Claim 10 of the Patent in suit puts a defendant on notice that by his continuing acts he is accused of infringing the patentee's *invention.* As admitted by the Plaintiff "[e]ach claim of the patent is a different definition of the [same] inven-

tion." Plaintiff's Response to Motion to Strike, December 9, 1982, at 3. This particular invention is detailed through a single description common to all the claims, followed by thirteen closely related and frequently dependent, numbered claims.

If addition of an allegation of infringement of another patent does not necessarily introduce anything more to the suit than the "'same general issues'", clearly, the addition of allegations concerning specific claims of the same patent does not. *Railex Corp. v. Joseph Guss & Sons, Inc.,* 40 F.R.D. 119, 124 (D.D.C.1966), *aff'd,* 382 F.2d 179, (D.C.Cir.1967) (holding that even the addition of a second patent which presents another invention, 35 U.S.C. § 121, does not raise a new issue in a case). The test adopted by the *Hostrop* Court is satisfied in the circumstances of this case.

"If the amendment here in issue had not been filed, and ... [the Court] conclude[d] from the evidence that plaintiff was entitled to prevail on ... [one claim but not on claim 10, the Court] could not say the allegations of the existing pleading were insufficient to allow recovery."

The language of the original pleadings raise issues of the validity and infringement of the entire patent (invention), and given the similarity between the claims and the corresponding description, limitations and prior art, *i.e.,* the invention, it is fair to say that the amended pleadings raise only the same general issues already in the case. Accordingly, because no jury demand was presented within ten days of the last original pleading filed in this cause, the Court finds that jury trial was waived on the issues of patent validity and infringement. Rule 38(d), Fed.R.Civ.P.

There can be no question that the "those ... in active concert with Defendant" language of the original complaint raised the very infringement participation or inducement issue now claimed by Plaintiff to be new to the amended complaints. It is clear Plaintiff waived its right to a jury on that issue before it filed its amended complaint. Although a newly added party may be entitled to exercise his personal right to a jury

trial, *Swofford v. B & W, Inc.,* 336 F.2d 406 (5th Cir.1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965), it would be anomalous to permit a party to invoke an opponent's constitutional right with the object of forcing a jury upon the same opponent who preferred trial without a jury. *See American Fidelity & Casualty Co. v. All American Bus Lines, Inc.,* 190 F.2d 234, 237 (10th Cir.1951), *cert. denied,* 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642 (1951). The Court concludes that the seventh amendment confers only a personal right upon a litigant which in this case was waived.

Plaintiff also filed a motion under Rule 39(b), Fed.R.Civ.P., requesting the Court as a matter of discretion to order a jury trial. The discretionary grant of a jury trial cannot be made without a preceding motion. *Swofford v. B & W, Inc., supra* at 409. In this case Plaintiff did not make such a motion until December 2, 1982. Measured from that date over eleven months have elapsed since the original complaint was filed, two months have passed since the case was set for trial, and only about one month remains before the case will be called for trial. Until very recently all parties and the Court prepared for trial with the unequivocal understanding that the case would not be tried to a jury. Plaintiff has given no explanation for its untimely demands and Rule 39 motion. *See Bush v. Allstate Insurance Co.,* 425 F.2d 393, 396 (5th Cir.1970), *cert. denied,* 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64 (1970); *Roth v. Hyer, supra.* Under the criteria of *Mesa Petroleum Co. v. Coniglio,* 629 F.2d 1022, 1029 (5th Cir.1980), the Court declines to order a jury trial. The well-considered reasoning presented in *General Tire & Rubber Co. v. Watkins,* 331 F.2d 192, 197–98 (4th Cir.1964), *cert. denied,* 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964), is also quite persuasive. Plaintiff cites *Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138, 144 (5th Cir.1979), but that case is clearly distinguishable since it involved "no reason [whatsoever] to deny ... a jury trial."

It is, therefore,

ORDERED that Plaintiff is GRANTED leave to file its first and second amended complaints, Rule 15, Fed.R.Civ.P.; Defendant's motion to strike jury demand is GRANTED at this time on this record; and Plaintiff's motion for setting submission date is now moot and is therefore DENIED.