George CHARLES,

v.

OCEAN DRILLING & EXPLORATION CO., Tenneco Oil Company, PBR Offshore Marine Corporation, Odeco Drilling Inc., Odeco Inc., Odeco Drilling and Exploration Co.

Civ. A. No. G–84–187.

United States District Court,
S.D. Texas,
Galveston Division.

Nov. 26, 1985.

Anthony P. Griffin, Galveston, Tex., for plaintiff.

Samuel B. Kent, Galveston, Tex., Michael K. Bell, Constance Walker and Lisa Mims, Houston, Tex., for defendants.

## ORDER

HUGH GIBSON, District Judge.

Plaintiff moves pursuant to Fed.R.Civ.P. 15(a) for leave to file his second amended complaint. The second amended complaint would remove the Federal Rules of Civil Procedure 9(h) (Admiralty and Maritime Claims) designation. Plaintiff contends that the amendment "does not necessarily change the nature, content and/or tenor of plaintiff's proof but allows said plaintiff to obtain a jury trial ..." Plaintiff, in his motion and in oral argument to the Court on November 4, 1985, asserted no basis for his motion other than his desire for a jury trial. The defendants, however, contend that allowing a jury trial would prejudice their case because they have planned for a bench trial, relying on depositions and documentary evidence instead of live witnesses. Plaintiff's motion comes after the case has been pending on the non-jury docket for nineteen months.

■ The Court treats plaintiff's motion to amend pursuant to Rule 15(a) as substantively equivalent to a Rule 39(b) motion. Rule 15(a) gives the court discretion to allow untimely amendments. Fed.R. Civ.P. 39(b) gives the Court discretion to allow a jury trial when the movant fails to timely demand a jury trial. The Court does not believe that plaintiff may amend his complaint and then demand a jury trial as a matter of right pursuant to Fed.R.Civ.P. 38(b).[1] To prevent litigants from circumventing the requirements of Rule 39 by amending their pleadings, it is an established rule that when a party fails to make timely demand for a jury trial under Rule 38(b), and his amendment of the pleadings adds no new issues, the amendment "will not give rise to the right to demand a jury." 5 J. Moore, J. Lucas, & J. Wicker, *Moore's Federal Practice* ¶ 38.41, at 38–365 (2d ed. 1985). *See Moore v. United States,* 196 F.2d 906, 908 (5th Cir.1952); *Roth v. Hyer,* 142 F.2d 227, 228 (5th Cir.), cert. denied, 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573 (1944); *Reading & Bates Construction Co. v. Baker Energy Resources Corp.,* 96 F.R.D. 564, 565–66 (S.D.Tex. 1983). Plaintiff contends that the second amended complaint will add nothing to the issues. Thus, the question is really whether the Court should exercise its discretion under Rule 15 and 39 and grant plaintiff a jury trial.

■ The Fifth Circuit Court of Appeals has instructed the district courts to "grant a jury trial in the absence of strong and compelling reasons to the contrary." *Swofford v. B & W, Inc.,* 336 F.2d 406, 409 (5th Cir.1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965). In this case, such persuasive reasons exist. This case has been pending on the non-jury docket for nineteen months. The case was set for trial, subject to call on short notice, when the Court entered a ninety day order of dismissal at the request of the parties. On November 4, 1985, the Court reinstated the case. Plaintiff has not explained his nineteen month delay in demanding a jury trial. To allow plaintiff to make this eleventh hour change in trial strategy by removing the Rule 9(h) designation and having the case placed on the jury docket would work an unfair hardship on defendants. *See United States v. Unum, Inc.,* 658 F.2d 300, 303 (5th Cir.1981) (trial judge had discretion to dismiss defendant's Rule 39(b) motion made only a few days before final docket call when defendant gave no persuasive reason for delay and plaintiff "had prepared its case to be tried to the bench; there was an obvious reliance on depositions and documentary evidence ..."). *See also Zenith Radio Corp. v. Hazeltime Research, Inc.,* 401 U.S. 321,

---

1. Plaintiff's second amended complaint does not contain a jury demand. Fed.R.Civ.P. 38(b) explicitly requires plaintiff to demand a jury trial in writing pursuant to Fed.R.Civ.P. 5(d). Plaintiff's desire for a jury trial is his sole ground for seeking leave of the Court to amend his amended complaint. Thus, the Court must assume that plaintiff would demand a jury trial if the Court granted leave to amend.

330–31, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971) (When deciding whether to permit an amendment of pleadings pursuant to Rule 15(a), trial court must "take into account any prejudice that the [non movant] would have suffered ...").

It is, therefore, ORDERED, ADJUDGED and DECREED that plaintiff's motion for leave to file his second amended complaint is DENIED.