**Alisa HARRIS, et al.**

v.

**THRIFT STORES OF WASHINGTON, D.C., et al.**

Civ. Nos. K–94–2178, K–94–2179.

United States District Court,
D. Maryland.

Aug. 11, 1995.
Order Striking Jury Demand Oct. 5, 1995.

JoAnn C. Woodson Branche, and Branche & Associates, Columbia, Maryland, for plaintiffs.

Richard I. Kovelant, and Richard D. Corcoran, Laurel, Maryland, for defendants.

### MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Senior District Judge.

(1) Reference is hereby made to plaintiffs' July 13, 1995 demand for a jury trial in these two cases and to defendants' July 21, 1995 motion to strike plaintiffs' said demand in both cases.

■ (2) This Court, in a Memorandum and Order dated June 21, 1995, denied defendants' motions for summary judgment and entered a Scheduling Order. Accordingly, on July 3, 1995, defendants answered plaintiffs' amended complaints in the two cases. Thereafter, on July 13, 1995, plaintiffs' filed the above referenced jury demand in both cases.

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, . . . .

Fed.R.Civ.P. 38(b). In general, a jury demand filed within ten (10) days of the answer is considered timely. 9 Wright and Miller, Federal Practice and Procedure § 2320 at 92. The same rule applies to amended complaints. *Id.* at 94. However, "the amendment [of the complaint] does not revive a right, previously waived, to demand [a] jury trial on issues already framed in the original pleadings." *Id.* at 94–96. In *Western Geophysical Company of America, Inc. v. Bolt Associates, Inc.*, 440 F.2d 765, 769 (2d Cir. 1971), Judge Friendly noted "when a party has waived the right to a jury trial with respect to the original complaint and answer by failing to make a timely demand, amendments of the pleadings that do not change the issues do not revive this right" (citations omitted). *See Walton v. Eaton Corp.*, 563 F.2d 66, 71–72 (3rd Cir.1977) and *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1049–50 (7th Cir.1974). *See also Roth v. Hyer*, 142 F.2d 227, 228 (5th Cir.), *cert. denied*, 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573 (1944).

■ In the instant cases, the amendments included by the plaintiffs in the complaints

were ministerial in nature. Specifically, those amendments involved correcting the spelling of one of the individual defendants' names and correctly identifying the corporate defendant. In other words, the said amendments did not, in any way, create new issues or name new defendants in connection with which plaintiff can now demand a jury trial.

(3) In their motion to strike, defendants, in non-compliance with Local Rule 105.1, cite no case law or authority other than Federal Civil Rule 38 to support their position. Nevertheless, based on the authority cited in paragraph (2) *supra*, this Court will grant defendants' motion to strike unless plaintiffs, on or before August 24, 1995, show reason, supported by proper authorities, why this Court should not grant defendants' motion.

(4) It is so Ordered.

## MEMORANDUM AND ORDER

(1) Reference is hereby made to plaintiffs' July 13, 1995 demands for jury trials in these two cases, which have since been consolidated, and to defendants' July 21, 1995 motions to strike plaintiffs' said demands in both cases.

(2) For the reasons set forth in this Court's August 11, 1995 Memorandum and Order, defendants' said motion to strike is hereby granted.

(3) It is so Ordered.